**Earl Edward BROTHERTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 665–69.

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1970.

Earl Edward Brotherton appeared pro-
se.

James L. Treece, U. S. Atty., Denver,
Colo., for appellee.

Before LEWIS and BREITENSTEIN,
Circuit Judges.

PER CURIAM.

Appellant Brotherton made an inform-
al request to the sentencing court that
he be given credit for 95 days in cus-
tody before sentencing. The district
court treated the matter as a motion un-
der 28 U.S.C. § 2255 and denied relief.
In so doing it said that at the time of
sentencing it did not intend to give cred-
it for pre-sentence confinement.

The sentence was imposed under 18
U.S.C. § 2314 after a guilty plea to the
charge of interstate transportation of
a forged security. The maximum sen-
tence for the offense is ten years.

In Davis v. Willingham, 10 Cir., 415
F.2d 344, we held that if the addition
of the claimed credit and the sentence
imposed results in less than the statutory
maximum, it will be conclusively pre-
sumed that the sentencing court gave
credit for pre-sentence custody. The
principle is not applicable here because
the trial court specifically said that
it did not intend to give the credit. Be
that as it may, the sentence was passed
before the 1966 amendment to 18 U.S.C.
§ 3568. The statute fixing the penalty
does not provide for a mandatory mini-
mum sentence. The total of sentence
time and prior custody time is well with-
in the permissible term. Accordingly,
the denial by the trial court of credit
for pre-sentence confinement was with-
in its power. Cf. Smith v. United States,
10 Cir., 413 F.2d 975, 976.

In order to consider a memorandum
opposing summary affirmance submitted
by appellant, we have withdrawn our
opinion previously filed in this cause.
After consideration of that pleading, to-
gether with the file and records herein,
we remain convinced that the question
presented is unsubstantial and that there
is no necessity for further argument.