**William T. WITHERS, Petitioner,**

v.

**STATE OF NORTH CAROLINA and Capt. E. C. Watkins, Unit 5557, Albemarle, North Carolina, Respondents.**

**Civ. A. No. 2731.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Jan. 13, 1971.

No appearance for petitioner.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondents.

ORDER DENYING PETITION
FOR WRIT OF
HABEAS CORPUS

McMILLAN, District Judge.

In an order filed October 15, 1970 (a copy of which is attached) this court ordered petitioner, William T. Withers, to amend and clarify his petition for a writ of habeas corpus and to set forth those material facts which he says entitle him to relief. Petitioner has not submitted any additional facts which would entitle him to relief with respect to those allegations considered in the October 15, 1970 order. However, petitioner has made timely amendment to his petition and now alleges the following as grounds for relief:

(1) That he was denied due process and equal protection of laws when he was threatened, questioned, and beaten without the presence of counsel for some hours after his arrest; and

(2) That he was not given credit on his prison sentence for time served before his trial.

■ ALLEGATION ONE: Petitioner contends that he was interrogated without the presence of counsel. Withers, however, does not claim that any information or incriminating statement derived from interrogation during his pre-trial detention was introduced at his trial. Barefoot v. North Carolina, 259 F.Supp. 1020 (E.D.N.C.,1966). "Misconduct by the police, however reprehensible, is not a ground for federal habeas corpus if it does not contribute to a conviction." Miller v. Eklund, 364 F.2d 976 (9th Cir., 1966). If petitioner's claims of illegal police conduct are true, the proper course of action is a suit against the individual police officers.

■ ALLEGATION TWO: Withers also claims he is entitled to credit for time spent in prison before his commitment. Petitioner was confined from December 8, 1967 until his commitment date, September 4, 1968. Courts generally hold that whether or not a prisoner receives credit for time spent in jail prior to commitment is a matter of state law. See, 24B C.J.S. Criminal Law § 1995(5); Newell v. Page, 280 F.Supp. 203 (N.D.Okl.,1968); Gross v. Sarver, 307 F.Supp. 1105 (E.D.Ark.1970); State v. Sanders, 251 S.C. 431, 163 S.E.2d 220 (1968). Moreover, the rule in the federal courts before the Bail Reform Act of 1966 was that where the sentence imposed was less than the maximum allowed there was no requirement that credit be given for pretrial incarceration. See, e. g., Amato v. United States, 374 F.2d 36 (3rd Cir., 1967); Noorlander v. United States, 404 F.2d 603 (8th Cir., 1968).

The leading North Carolina case is State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970). In *Virgil*, the defendant was in custody from February, 1963 until March, 1965 when, in his third trial, he was convicted and committed. Defendant's first trial ended in a mistrial; his second trial resulted in a conviction but was reversed on appeal. In the third trial, defendant was convicted of non-burglarious breaking and entering with the intent to commit a felony. He was sentenced to a term of nine to ten years. (The maximum penalty for this crime is ten years. See, N.C.G.S., § 15–54.) No credit was given for the more than two years that defendant had already spent in jail. In a 5/2 decision (with Chief Justice Bobbitt and Justice Sharp dissenting) the North Carolina Supreme Court held that the state did not have to credit Virgil for time spent in jail before commitment.

While the *Virgil* case raises serious constitutional questions [See, North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969) and Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir., 1970)], this court is not faced with those questions at this time. The maximum penalty for assault with intent to commit rape is fifteen years. See, N.C.G.S., § 14–22. Petitioner's present sentence of four to six years when added to the less than one year spent in jail before commitment produces a total period of incarceration less than the maximum fifteen-year penalty. While it may be a legal fiction to assume that the state judge who imposed sentence on Withers gave him credit for time spent in jail before commitment, it does not, in view of the North Carolina decisions and the weight of authority elsewhere, seem unreasonable to indulge that fiction, and, on these facts, to follow the North Carolina rule.

It is therefore ordered, that all claims for relief be, and they are hereby denied, and that the amended petition for a writ of habeas corpus is hereby dismissed.

The petitioner is advised that he may appeal *in forma pauperis* from this *final order* by forwarding a written notice of appeal to the Clerk of the United States District Court, Post Office Box 1266, Charlotte, North Carolina 28201. Said *written* notice of appeal must be *received* by the Clerk within thirty (30) days from the date of this final order and may be filed without the prepayment of costs or giving security therefor. The court, acting in its discretion,

grants a certificate of probable cause for petitioner to appeal this order.

The Clerk is directed to transmit by mail copies of this order to the petitioner; to the Attorney General of North Carolina; to the director of the prison system of North Carolina; and to the superintendent or officer in charge of the institution at which the petitioner is presently confined.