Frank J. FAYE, Jr., Petitioner-Appellant,

v.

Ramon L. GRAY, Respondent-Appellee.

No. 76–1105.

United States Court of Appeals,
Seventh Circuit.

Argued May 25, 1976.
Decided Sept. 9, 1976.

Charles Bennett Vetzner, Post-Conviction Defense Project, Madison, Wis., for petitioner-appellant.

Bronson C. La Follette, Atty. Gen., William L. Gansner, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before CLARK, Associate Justice,* CASTLE, Senior Circuit Judge, and CAMPBELL, Senior District Judge.**

CASTLE, Senior Circuit Judge.

In this appeal, petitioner Frank J. Faye, Jr., seeks our reversal of the district court's dismissal of his petition for writ of habeas corpus. In his petition, Faye argues that the circuit court for Milwaukee County, Wisconsin, violated his rights under the fifth and fourteenth amendments to the United States Constitution by failing to credit 176 days of pre-sentence confinement when the court sentenced him to two concurrent seven-year terms for two counts of rape.

Petitioner was arrested on July 7, 1971, in York, Nebraska. On July 9, 1971, he was transported to Omaha, Nebraska, and remained in jail there pending extradition to Wisconsin. Bond was set at $10,000.00 at a hearing on August 14, 1971. Petitioner was financially unable to post the bond and remained in the custody of the Nebraska officials until September 1, 1971, when he was extradited to Milwaukee, Wisconsin. On September 2, 1971, bail was set in Wisconsin at $10,000.00 and petitioner was again unable to post bond and hence remained in custody in the Milwaukee County Jail until his conviction on two counts of rape on November 16, 1971. After conviction, petitioner was incarcerated at the Wisconsin Central State Hospital for pre-sentence examination to determine the need for specialized treatment under the Wisconsin Sex Crimes Act. Petitioner remained in the hospital until January 11, 1972, when he was returned to the Milwaukee County Jail to await sentencing. On January 18, 1972, petitioner was sentenced to two concurrent terms of seven years on two counts of rape. Each rape conviction carried a possible maximum sentence of 30 years under Wisconsin law.

Petitioner subsequently filed a pro se motion in the sentencing court for reduction in

---

* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, is sitting by designation.

** The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

sentence to reflect credit for his period of pre-sentence confinement. The sentencing judge denied the motion.

Petitioner thereupon filed a petition for a writ of habeas corpus in the district court, alleging that the circuit court's refusal to credit his pre-sentence period of confinement was unconstitutional. The district court dismissed the petition on the ground that the guarantee against double jeopardy is not violated where the period of pre-sentence confinement and the sentence imposed together do not exceed the statutory maximum penalty allowed for the offense. In response to petitioner's argument that his right to equal protection of the laws was violated by the sentencing court's refusal to credit the period of pre-sentence confinement occasioned by his financial inability to post bond, the court held that where such period of pre-sentence confinement together with the sentence imposed is less than the statutory maximum penalty for the offense, a presumption arises that the sentencing judge in fact has credited the pre-sentence time in sentencing the petitioner. And, the court held, petitioner had failed to rebut that presumption in the instant case. Petitioner thereupon appealed to this court.

### A.

Relying on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), petitioner argues that the fifth amendment's guarantee against double jeopardy requires the crediting of the entire period of pre-sentence confinement against his sentence in the instant case. We disagree.

The Supreme Court in *Pearce* stated that a prohibition against multiple punishments for the same offense is implicit in the ban against double jeopardy. *Id.* at 717, 89 S.Ct. 2072. The Court found this prohibition violated "when the punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718, 89 S.Ct. at 2077. This logic of *Pearce*, petitioner contends, mandates that credit be given for pre-sentence confinement so that a defend-

ant is not subjected to "double punishment" for one offense.

Courts, however, have only taken the teaching of *Pearce* so far as to hold that a failure to credit violates the guarantee against double jeopardy when the pre-sentence time together with the sentence imposed is greater than the statutory maximum penalty for the offense. See, e. g., *Culp v. Bounds*, 325 F.Supp. 416, 419 (W.D. N.C.1971); *Parker v. Bounds*, 329 F.Supp. 1400 (E.D.N.C.1971); *Taylor v. Gray*, 375 F.Supp. 790 (E.D.Wis.1974). Only in such a situation is there "double punishment" for one offense. Where the pre-sentence time and the sentence imposed together are less than the statutory maximum penalty, no grounds exist for finding "double punishment," because the total time of incarceration will fall within the single maximum period of punishment set by the legislature. Hence, petitioner's argument based on the double jeopardy clause of the fifth amendment must fail since the 176 days of pre-sentence confinement and the two concurrent seven-year sentences together are far less than the maximum punishment of 60 years which he could have received.

### B.

Petitioner's second argument is that the equal protection clause of the fourteenth amendment requires the crediting of the pre-sentence confinement period of August 14, 1971, to November 16, 1971, against the sentence imposed by the circuit court because this period of confinement was a result of petitioner's financial inability to post the requisite bond.

Several courts have held that it is a denial of equal protection not to credit pre-sentence confinement resulting from inability to post bond where the period of pre-sentence confinement together with the sentence imposed exceeds the statutory maximum penalty allowed for the offense. See, e. g., *Parker v. Estelle*, 498 F.2d 625 (5th Cir. 1974); *Hook v. Arizona*, 496 F.2d 1172 (9th Cir. 1974); *Hill v. Wainwright*, 465 F.2d 414 (5th Cir. 1971). The source of these decisions is the Supreme Court's opin-

668

ions in *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). The Court in *Williams* struck down Illinois' practice of incarcerating beyond the maximum term those individuals unable to pay a fine. As the Court there noted, "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all individuals irrespective of their economic status." 399 U.S. at 244, 90 S.Ct. at 2033.

Other courts, however, have extended the *Williams* reasoning in holding that the period of pre-sentence confinement due to a defendant's indigency must be credited against the sentence imposed regardless of whether the two periods together would exceed the statutory maximum penalty allowed for the offense. See, e. g., *King v. Wyrick*, 516 F.2d 321 (8th Cir. 1975); *Ham v. North Carolina*, 471 F.2d 406 (4th Cir. 1973); *Monsour v. Gray*, 375 F.Supp. 786 (E.D.Wis.1973); *Mohr v. Jordan*, 370 F.Supp. 1149 (D.Md.1974); *White v. Gilligan*, 351 F.Supp. 1012 (S.D.Ohio 1972); *Workman v. Cardwell*, 338 F.Supp. 893 (N.D.Ohio), *vacated in part as moot*, 471 F.2d 909 (6th Cir. 1972); see also *United States v. Gaines*, 449 F.2d 143 (2d Cir. 1970). However, many of these courts hold that, if the total time of incarceration is less than the statutory maximum penalty, it is presumed that the sentencing court credited the pre-sentence time in sentencing the defendant. See *King v. Wyrick, supra; Monsour v. Gray, supra; Withers v. North Carolina*, 328 F.Supp. 1152 (W.D.N.C.1971).

The apparent genesis of this presumption is the decision of the District of Columbia Circuit in *Stapf v. United States*, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966). The court in *Stapf* was construing the federal sentence crediting statute, 18 U.S.C. § 3568, which provided for the Attorney General to credit pre-sentence custody resulting from inability to post bond against any sentence with a mandatory minimum penalty. Defendant Stapf received the maximum sen-

tence allowable but the offense did not carry a minimum term. Hence, he did not receive credit under the statute for his period of pre-sentence confinement. On appeal, the court held that, in providing an automatic credit of pre-sentence time served for mandatory minimum term offenses, Congress also intended such credit to be given if the maximum sentence allowed under the law was imposed. The court, however, added that "[w]herever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given." *Id.* at 330. This court subsequently adopted and applied the presumption in another case involving section 3568. *Holt v. United States*, 422 F.2d 822 (7th Cir. 1970). Other circuits followed. See, *e. g., Swift v. United States*, 436 F.2d 390 (8th Cir. 1970), *cert. denied*, 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698 (1971); *Brotherton v. United States*, 420 F.2d 1357 (10th Cir. 1970); but see *Padgett v. United States*, 387 F.2d 649 (4th Cir. 1967).

The Eighth Circuit in *King v. Wyrick, supra*, questioned the appropriateness of invoking a presumption in a habeas action presenting a constitutional claim for sentence credit as distinguished from an action involving a statutory claim for sentence credit under 18 U.S.C. § 3568. 516 F.2d at 324. The court, nevertheless, holding that any such presumption must be a rebuttable one, *id.*, see also *Monsour v. Gray, supra*, 375 F.Supp. at 788 went on to find that the record clearly demonstrated that the sentencing judge had not in fact credited the defendant's sentence for pre-sentence confinement resulting from his inability to post bond. Thus the court held that any presumption that the sentencing court had so credited was clearly rebutted. *Id.* at 324–25; see also *United States v. Downey*, 469 F.2d 1030 (8th Cir. 1972).

■ In the instant case, petitioner also attacks the constitutionality of invoking a presumption that the circuit court in fact credited his pre-sentence confinement when it sentenced him. We too, however, need not address the specific question of whether

the *Stapf* presumption should appropriately be utilized where the claim for sentence credit is constitutionally rather than statutorily based, for we believe any presumption is thoroughly rebutted when the sentencing judge clearly indicates that he in fact did not credit such pre-sentence time in sentencing the petitioner.

■  Upon imposing sentence on petitioner on January 18, 1972, the sentencing judge made no statement concerning petitioner's previous periods of confinement. In denying petitioner's subsequent motion to amend the sentence by crediting his pre-sentence time served, the court stated:

> [T]he entire amount of time involved in the pre-sentence custody is less than the 60 year maximum sentence, 30 years for each count, for each of the two rape crimes. The Court finds that the sentence was fair and equitable in all aspects and the Court rules that the Byrd and Hall cases are not applicable to the situation before the Court.

The court's reference to "the *Byrd* and *Hall* cases" is to two recent Wisconsin Supreme Court cases concerning entitlement to sentence credit under Wisconsin law. In *Byrd v. State*, 65 Wis.2d 415, 222 N.W.2d 696 (1974), the court held that a defendant must be credited for pre-sentence time served due to inability to post bond, where that time together with the sentence imposed exceeds the maximum sentence allowed for the offense. In *Hall v. State*, 66 Wis.2d 630, 225 N.W.2d 493 (1975), the court held that denial of sentence credit was not unconstitutional if the pre-sentence time together with the sentence imposed did not exceed the maximum sentence allowed for the offense. The circuit court in the instant case held that petitioner was not entitled to sentence credit under *Byrd* and *Hall* because those cases were inapplicable. Hence the only basis for the circuit court's denial of petitioner's motion to amend sentence was that Wisconsin case law did not require sentence credit—and not that the circuit court had in fact credited petitioner's pre-sentence confinement in sentencing

him on January 18, 1972. Any presumption that the sentencing judge credited the pre-sentence confinement period due to petitioner's inability to post bond is therefore clearly rebutted by the sentencing judge's own words. Compare *King v. Wyrick, supra*, 516 F.2d at 324–25; and *Monsour v. Gray, supra*, 375 F.Supp. at 788.

Accordingly, the district court is reversed so far as its holding that the presumption was not rebutted with regard to the period of petitioner's pre-sentence confinement caused by his financial inability to post bond. In all other respects, the district court is affirmed.

AFFIRMED IN PART,

REVERSED IN PART.

WILLIAM J. CAMPBELL (dissenting in part).

I would reach the question of whether it is constitutionally permissible to presume that the sentencing judge credited pre-sentence confinement served as a result of a defendant's inability to post bond, and would hold that, as long as such a presumption is rebuttable, it constitutionally may be invoked. I would further conclude that this rebuttable presumption is, in fact, rebutted only where the record clearly shows that the trial judge did not credit such pre-trial confinement at the time of sentencing. Finally, in the instant case, I would conclude, for the reasons stated by Judge GORDON below, that the presumption has not been rebutted, and accordingly would affirm the decision of the district court.