Elmer L. JOHNSON, Petitioner-Appellant,

v.

Paul PRAST, Respondent-Appellee.

Harold SMITH, Petitioner-Appellant,

v.

Ramon L. GRAY, Respondent-Appellee.

Nos. 76–1550, 76–1582.

United States Court of Appeals, Seventh Circuit.

Argued in No. 76–1550 Nov. 4, 1976.

Argued in No. 76–1582 Jan. 7, 1977.

Decided Jan. 26, 1977.

Supplement to Opinion March 9, 1977.

Rehearing and Rehearing En Banc Denied April 5, 1977.

James A. Walrath, Milwaukee, Wis., for petitioner-appellant in No. 76–1550.

Charlene R. Bohl, Post-Conviction Defense Project, Madison, Wis., for petitioner-appellant in No. 76–1582.

. Bronson C. La Follette, Atty. Gen., John M. Schmolesky, Asst. Atty. Gen., Madison, Wis., for respondents-appellees.

Before CUMMINGS and TONE, Circuit Judges, and CAMPBELL, Senior District Judge.*

TONE, Circuit Judge.

These habeas-corpus actions challenge state sentences as having been imposed without consideration of presentence custody resulting from defendants' financial inability to make bail. In *Faye v. Gray*, 541

---

* The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

F.2d 665 (7th Cir. 1976), this court held that the equal-protection clause of the Fourteenth Amendment requires a state sentencing judge to consider such presentence custody in sentencing, even though the total time imposed by the sentence and the presentence custody does not exceed the statutory maximum. Left undecided by that case is the question now before us: whether there should be a presumption that the required consideration was given to the presentence custody, as the District Court held in these cases, thereby placing on the petitioner in a federal habeas corpus proceeding the burden of showing that such consideration was not given. We hold that such a presumption may not be erected, and that the burden is on the state to show that the presentence jail time was considered in sentencing.

Johnson, petitioner in No. 76–1550, escaped from the Wisconsin Correction Camp System in December 1974 while serving two concurrent three-year sentences. On March 7, 1975, he was arrested on another charge in Salem, Oregon. Shortly thereafter, a Wisconsin detainer was filed, and on March 27, 1975, petitioner, having waived extradition, was returned to the Dane County Jail in Wisconsin to await trial on an escape charge. On April 14, he pleaded guilty to that charge and was sentenced to the statutory minimum of one year, to run consecutively to his earlier sentence. The maximum sentence that could have been imposed was five years.

The transcript of the hearing on April 14 contains no mention of the 39–day period petitioner spent in custody between his arrest in Oregon and the sentencing on the escape charge in Wisconsin. Subsequently, however, in an order denying petitioner's motion for post-conviction review under Wis.Stat. § 974.06, the sentencing judge found that petitioner had been confined for 39 days because of his inability to post bail,[1] and that this information had been before

---

1. While the facts underlying this finding do not appear in the record, the state concedes its correctness and does not argue that a captured escapee in petitioner's position is ineligible for

the court on the date of sentencing. He then noted that the Wisconsin Supreme Court's decision in *Byrd v. State,* 65 Wis.2d 415, 222 N.W.2d 696 (1974), required consideration of this factor in fixing an appropriate sentence.[2] While he "strongly suspect[ed]" that he had considered the 39–day presentence custody when sentencing, the judge nevertheless took the opportunity to reconsider the sentence in light of that custody and concluded that reducing the sentence would be "inappropriate."

In April 1976 petitioner filed this federal habeas-corpus action asserting that his right to equal protection had been violated by the alleged failure of the sentencing judge to credit the presentence jail time.[3] In reviewing the petition, the District Court apparently adopted the view of the Wisconsin Supreme Court in *Hall v. State,* 66 Wis.2d 630, 633–634, 225 N.W.2d 493, 495 (1975), that consideration of presentence jail time is a matter, not of constitutional right, but of the sentencing court's discretion. Accordingly, the court held that, in light of the circumstances outlined above,

petitioner had "failed to meet his burden of showing that there was an abuse of discretion . . . that would present a constitutional question actionable on habeas corpus" and denied the petition.[4]

Smith, petitioner in No. 76–1582, received indeterminate sentences totaling twelve years upon conviction under a Wisconsin indictment charging offenses for which the total maximum imprisonment was twenty-seven years and six months. When sentenced he had already been in custody 134 days because of financial inability to make bail. The record of the sentencing, which occurred in 1973, prior to the *Byrd* decision, does not show whether the judge gave consideration to the presentence custody in fixing the sentence.

In ruling on Smith's federal habeas-corpus petition, the District Court noted that the total of presentence custody and sentences imposed did not exceed the statutory maximum, held that there was therefore a presumption of crediting, and dismissed the petition.

bail or should be denied the benefit of the *Faye* rule. Nevertheless, because the existence of a case or controversy depends on whether petitioner was eligible for bail at any time during the 39 days, we go behind this concession and the state court's finding. Compare *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Although at first blush it may seem odd that a captured escapee would ever be entitled to bond, it appears that, at least when he was being held in Oregon under a fugitive warrant, petitioner was entitled to a determination fixing bail bond. Ore.Rev.Stat., Uniform Criminal Extradition Act, § 133.809. If he had been released on bail in Oregon, he would have been required to surrender himself to the Oregon authorities when the Wisconsin officers arrived to take him back. He would not have been entitled to bail while en route. And, while Wisconsin's constitution makes all but capital offenses bailable, art. I, § 8, it would seem that, once back in Wisconsin, petitioner would have been obliged to complete the confinement he had interrupted by escaping and thus could not have been bailed. In any event, it seems doubtful that petitioner was entitled to bail for the full 39–day period the state has conceded. Whether the state should be allowed to withdraw in any degree from that concession, however, is a matter for the District Court on remand.

2. Faced only with the issue of credit against a maximum sentence, the Wisconsin court took the opportunity to require sentencing judges to consider presentence custody in all cases:

"We further hold that, in imposing any sentence, the court must, in exercising its discretion, take into consideration, in determining the length of sentence to be imposed, the time the defendant spent in preconviction custody . . . even though the time spent in custody, when added to the sentence, would be less than the maximum." The court added that the effect of this ruling was to make mandatory what had previously been permissive. 65 Wis.2d at 425, 222 N.W.2d at 702.

3. Petitioner also raised a double-jeopardy claim in this regard, but petitioner's counsel conceded at oral argument that the court's opinion in *Faye v. Gray,* 541 F.2d 665, 667 (7th Cir. 1976), has made such an argument untenable.

4. The court's citation of *Monsour v. Gray,* 375 F.Supp. 786 (E.D.Wis.1973), following this statement, could perhaps be construed as indicating the court's belief that only a clear refusal to consider presentence jail time, as in that case, would be a sufficient abuse of discretion to present a constitutional question cognizable on a habeas petition.

■ In *Faye v. Gray, supra,* 541 F.2d at 668, this court held that, at least where it is clear that the court did not consider an indigent's presentence custody in fixing his sentence, the prisoner is entitled to credit for that custody. The basis for the *Faye* decision was the holding in *Williams v. Illinois,* 399 U.S. 235, 244, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970), that

"the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status."

As the *Faye* opinion pointed out, this principle has been applied to require crediting whenever the sentence imposed, plus the presentence custody, exceeds the statutory maximum,[5] and, by some courts, even when the combined time is within the statutory maximum.[6] Courts adopting the latter position have reasoned that in either situation, whether the length of the sentence is attributable to the maximum set by the legislature or to a judicial sentencing order, the result is that an indigent is confined longer than a non-indigent receiving the same sentence. See, *e. g., King v. Wyrick,* 516 F.2d 321, 323 (8th Cir. 1975); Note, *Sentence Crediting for the State Criminal Defendant—A Constitutional Requirement,* 34 Ohio St.L.J. 588 (1973). This view, implicitly adopted by this court in *Faye,* is now explicitly adopted.

In reaching this conclusion, we have considered the Supreme Court's decision in *McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973), holding that a state that gives good-time credit for a prison sentence need not give such credit for presentence incarceration in a county jail. The Court concluded that, because a purpose of the legislative classification, albeit not the "overriding" one, was to foster the prison rehabilitation program, it was rational and justifiable to exclude time spent in

jails, which had no rehabilitation programs. *Id.* at 274–277, 93 S.Ct. 1055. No comparable basis has been suggested for distinguishing between presentence time and prison time in the cases before us.

Accordingly, extrapolating from *Williams v. Illinois* and *Faye v. Gray,* the equal-protection clause requires consideration by the sentencing judge of presentence custody resulting from inability to post bond. By this we mean that the judge must view that custody as punishment imposed for the offense and determine how much additional custody is appropriate in light of the time already served.

■ There remains to be decided the question the *Faye* court did not need to reach, *viz.,* whether, in the absence of a showing by the prisoner that the presentence custody was not given the consideration the Constitution requires, a federal court in a habeas-corpus action will presume that it was considered. The answer to this question would seem to lie in the nature of the right asserted. Before *Williams v. Illinois, supra,* the Court of Appeals for the District of Columbia Circuit held that, where a statutory scheme required the crediting of an indigent's presentence jail time, it would conclusively presume that such credit had been given by the sentencing court "[w]herever it is possible, as a matter of mechanical calculation, that [it] could have been given." *Stapf v. United States,* 125 U.S.App.D.C. 100, 367 F.2d 326, 330 (1966). Accord, *Holt v. United States,* 422 F.2d 822 (7th Cir. 1970). Since *Williams* the Fifth Circuit has adopted a similar presumption, see *Parker v. Estelle,* 498 F.2d 625, 627 (5th Cir. 1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975), in a habeas-corpus action brought by a state prisoner. This is, of course, another way of saying the credit need not be given at all in such a case. The basis for the Fifth Circuit's position is its view that

---

**5.** In addition to the cases cited in *Faye, supra,* 541 F.2d at 667, see *Hart v. Henderson,* 449 F.2d 183, 185 (5th Cir. 1971); *Culp v. Bounds,* 325 F.Supp. 416, 419 (W.D.N.C.1971). See also

*White v. Gilligan,* 351 F.Supp. 1012 (S.D.Ohio 1972) (three-judge court).

**6.** See cases cited in *Faye, supra,* 541 F.2d at 668.

"there is no absolute constitutional right to pre-sentence detention credit," *Jackson v. Alabama,* 530 F.2d 1231, 1237 (5th Cir. 1976); and, thus, in the absence of a state statute granting credit or the imposition of a maximum sentence, the granting of such credit is within the discretion of the sentencing judge, *id.* at 1235.

In contrast to the Fifth Circuit, however, this court's view in *Faye,* which we have reaffirmed, was that the indigent's right to consideration of presentence detention is constitutionally based even if the total detention is below the statutory maximum.[7] With that as a premise, the court in *Faye* questioned the invocation of a presumption to deny a constitutionally based right, but did not reach that issue, because it found that, if a presumption existed, it was "thoroughly rebutted" by the record. The Eighth Circuit's reasoning in *King v. Wyrick, supra,* 415 F.2d at 322, was the same. Now that the issue is squarely before us, we hold that there is no presumption, either conclusive or rebuttable. Unless the state proves in the habeas-corpus action that the judge, in fixing the sentence, gave consideration in the sense stated above to the time served before sentencing, the prisoner will be entitled to credit. An opposite result would derogate from the importance of the equal-protection right to have presentence jail time considered at the time of sentencing or, in the absence of such consideration, to have that time credited. Were we to presume consideration, and therefore deny credit, that right would become illusory in many cases. *Cf. Steele v. North Carolina,* 348 F.Supp. 1023, 1024 (W.D.N.C.1972), *aff'd in part and remanded,* 475 F.2d 1401 (4th Cir. 1973), and *Padgett v. United States,* 387 F.2d 649 (4th Cir. 1967).

▓ Applying this standard to the cases at bar, we reverse the District Court judgments. In neither case does the record of the sentencing hearing contain any reference to presentence custody. The sentencing judge's statements in *Johnson,* at the subsequent state post-conviction proceeding, that he was aware of the *Byrd* decision and that he "strongly suspect[ed]" he had considered the presentence custody, do not establish that Johnson was accorded his right to equal protection. Because, as we must therefore assume, Johnson's sentence was fixed without reference to presentence custody, he was entitled to credit for as much of that custody as resulted from his financial inability to make bail. *Cf. Stapf v. United States, supra,* 367 F.2d at 330. To "consider" the presentence custody in the state post-conviction proceeding, but leave the sentence unchanged, as the sentencing judge did here, was tantamount to increasing the sentence in violation of Johnson's equal-protection rights. On remand in *Johnson,* a writ will be issued ordering the release of petitioner upon completion of the one-year sentence, less the presentence time during which he was eligible for bail, as determined by the District Court. In *Smith,* unless the state can establish by the sentencing judge's testimony that, despite the silence of the sentencing record on the point, he gave the required consideration to presentence custody, Smith is entitled to credit for that custody. We remand *Smith* to give the state an opportunity to make such proof, if it sees fit to attempt to do so.

Our ruling need not result in a flood of post-conviction proceedings in either state or federal courts in Wisconsin. The state can grant administrative relief in cases in which it ascertains either that appropriate consideration was not given or that it cannot be determined whether consideration was given. Those relatively few cases that cannot be resolved administratively will of course have to be processed by the courts.

REVERSED AND REMANDED.

### SUPPLEMENT TO OPINION

TONE, Circuit Judge.

On the day the above opinion was issued, the Office of the Wisconsin Attorney Gen-

7. In view of the inconsistency between the positions taken by this court and the Fifth Circuit, this opinion has been circulated among all the judges of this court in regular active service. No judge favored a rehearing in banc.

eral transmitted to us a copy of the opinion of the Supreme Court of Wisconsin in *Klimas v. State,* 249 N.W.2d 285 in that court, filed January 18, 1977, which reached us two days after the issuance of our opinion. In that case the court, applying the equal-protection clause of the Fourteenth Amendment, held that whether the defendant is sentenced to the maximum term or a lesser term, "all periods of custody occasioned by indigency shall be credited, as time already served, on the sentence imposed." The decision governed the case before the court "and all cases in which sentence is imposed subsequent to the mandate of [that] case." Accordingly, we note that our decision affects only the sentences in the two cases before us and other Wisconsin sentences imposed before the issuance of the mandate of Wesconsin Supreme Court in *Klimas v. State.*

CAMPBELL, Senior District Judge (concurring in part, and dissenting, in part).

I agree that an indigent defendant is constitutionally entitled to receive credit against his sentence for that period of pre-trial incarceration which resulted from his inability to post bond. But I also consider it both constitutional and desirable to rebuttably presume that such credit was given by the trial judge at the time of sentencing, and to impose upon petitioner the burden of proof to the contrary. See, *Faye v. Gray,* 541 F.2d 665, 669 (7th Cir. 1976; Campbell, dissenting).

In my view, the record in No. 76–1550 rebuts any such presumption, and accordingly I concur in the result reached by the majority with respect to that appeal. The record in No. 76–1582, on the other hand, does not reveal whether, in sentencing the petitioner, the trial court gave credit for time served in confinement prior to trial. Accordingly, I would presume that credit was given and would find that petitioner has not satisfied his burden of proof to the contrary—*i.e.* the burden to present evidence sufficient to rebut the presumption. I therefore respectfully dissent from the result reached by the majority in No. 76–1582.