**Electronically Filed
Supreme Court
SCWC-20-0000481
15-MAR-2023
10:02 AM
Dkt. 20 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

JONATHAN S. VADEN,
Petitioner/Defendant-Appellant.

SCWC-20-0000481

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-20-0000481; CASE NO. 2CPC-18-0000844)

MARCH 15, 2023

RECKTENWALD, C.J., NAKAYAMA, AND EDDINS, JJ.; AND
WILSON, J., DISSENTING, WITH WHOM McKENNA, J., JOINS

OPINION OF THE COURT BY EDDINS, J.

**I.**

This case is about whether Hawai'i Revised Statutes (HRS)
§ 706-671 (2014) ever entitles a defendant to "double count"
concurrently-earned detention or incarceration credit against
later-imposed consecutive sentences.

We hold that under HRS § 706-671(1) presentence detention time must be counted only *once* against the aggregate of a defendant's consecutive sentences. This is true even if those consecutive sentences are spread across multiple cases.

Likewise, we hold that under HRS § 706-671(2) time served against concurrently running probation sentences that are later revoked and converted to consecutive terms of imprisonment must be counted only *once* against the aggregate of a defendant's consecutive sentences in one or more cases.

We also hold that when detention or prison time is accrued before sentencing, or pursuant to a later-revoked probationary sentence, the double jeopardy clause's prohibition on multiple punishments is not violated so long as the defendant's total period of detention and imprisonment does not exceed the statutory maximum term for the offenses at issue.

## II.

In 2018, the State charged Jonathan Vaden with drug and property crimes. There were five unrelated cases, including the one at issue here, Case No. 2CPC-18-0000844 (2CPC-18-844 or this case).

In May 2019, after spending several months in jail for all five cases, Vaden pled no contest to all but one charge[1]. The

---

[1] The parties agreed to dismiss count 1 (attempted promoting a dangerous drug in the first degree) in 2CPC-18-0000844.

court accepted Vaden's pleas.  The parties waived a presentence report.[2]  The court sentenced Vaden to four years of probation in each case.  All terms ran concurrently.  And in all five cases, the court sentenced Vaden to terms of imprisonment as discretionary conditions of probation.  Vaden got six months (for the misdemeanors) and twelve and eighteen months (for the felonies).

In June 2019, Vaden petitioned for admission into the Maui Drug Court Program.  The Maui Drug Court approved the petition.  It "re-sentenced" him to new probation terms, with the discretionary condition that he complete the drug court program.  The court ordered that all previous probation terms and conditions that were "not inconsistent" with the new probation terms remain as probation conditions.

A month later, in July 2019, Vaden was released from custody.  Vaden remained in the drug court program for a full five months before he violated its rules.  Vaden was detained

---

[2]    The presentence report (PSR) has "many uses in the criminal justice process."  See State v. Carlton, 146 Hawaiʻi 16, 27, 455 P.3d 356, 367 (2019).  It affords victims, or their families, an opportunity to be heard.  See HRS § 706-604(3) (Supp. 2016).  It is used by the Hawaiʻi Paroling Authority in determining defendants' minimum term of imprisonment.  HRS § 706-669(2) (2014).  A copy is provided to defendants' probation officers.  HRS § 806-73(b)(3)(F) (2014 & Supp. 2017).  And to mental health professionals conducting court-ordered assessments of defendants.  HRS § 806-73(b)(3)(C).  In some instances — for example where there is a recent pre-existing PSR – waiver of the PSR may be appropriate.  But these reports play an important role in our criminal justice system and trial courts should not consent to their waiver as a matter of course.  See HRS § 706-601(3) (Supp. 2016) ("With the consent of the court, the requirement of a pre-sentence diagnosis may be waived by agreement of both the defendant and the prosecuting attorney.").

again in December 2019.  The circuit court terminated him from the Maui Drug Court Program and revoked his probation.

In February 2020, the circuit court resentenced Vaden as follows.

| Case | Counts | New Sentences |
|---|---|---|
| 2CPC-18-0000315 | Ct. 1-11<br>Ct. 12,13<br>Ct. 14 | **5 years in each count**<br>1 year in each count<br>30 days |
| 2CPC-18-0000348 | | 5 years |
| 2CPC-18-0000413 | Ct. 1<br>Ct. 3 | 5 years<br>30 days |
| 2CPC-18-0000457 | | 5 years |
| 2CPC-18-0000844<br>(This case) | Ct. 2 (PDD2)<br>Ct. 3,4<br>Ct. 5 | **10 years**<br>5 years in each count<br>1 year |

The court ordered the sentences in the first four cases to run concurrently with each other; the aggregate term was 5 years (the 5-year sentence).  The court also ran the sentences in 2CPC-18-844 (this case) concurrently with each other; the aggregate term was 10 years (the 10-year sentence).  The court ran Vaden's 10-year sentence *consecutively* to his 5-year sentence.

The Resentencing Order stated: "Credit given for time served."

The Department of Public Safety (DPS) did not give the court the <u>required</u> certificates of detention detailing the days Vaden was detained prior to sentencing and in connection with

4

his probation sentence.[3]  But it credited him 340 days against the 5-year sentence and one day against the 10-year sentence.

Vaden moved the court to correct the credit he received: he wanted 340 days of credit against *both* the 5-year sentence and the 10-year sentence.  (DPS explained in an email to defense counsel that it declined to credit the 340 days against the 10-year sentence in order to avoid "double dipping"; Vaden submitted the email to the court.)  Vaden invoked HRS § 706-671(1) and (2), as well as the double jeopardy clause.

The court denied Vaden's motion.  It relied on State v. Tauiliili, 96 Hawai'i 195, 29 P.3d 914 (2001).  There, the trial court had sentenced Tauiliili to two concurrent 10-year terms and one consecutive 5-year term within a single case; we held that under HRS § 706-671(1), "presentence" credit should be

---

[3]    HRS § 706-671(1) requires that when a defendant has previously been detained, the officer who has custody of the defendant furnish the court with a certificate showing how long the defendant spent in detention before sentencing.  HRS § 706-671(2) similarly requires that when a defendant who has been detained or imprisoned pursuant to an earlier sentence is re-sentenced, "[t]he officer having custody of the defendant" shall furnish a certificate to the court at sentencing showing "the period of imprisonment served under the original sentence."  Both subsections also instruct that the certificate be annexed to the "official records" of the defendant's commitment.

Here, the record contains no certificates of detention; Vaden was resentenced by the circuit court, but the court was not furnished with any certificates of detention by the Department of Public Safety.  And there are no certificates of detention attached to the court's judgment.  The absence of a detention certificate is particularly problematic here because it appears that the DPS's informal credit calculations may have been wrong to the extent they gave Vaden only 472 days' credit for time served in 2CPC-18-0000315 when it appears that he was actually imprisoned for 532 days in that case.

applied only once to the *aggregate* of *consecutive sentences*. Id. at 197, 199, 29 P.3d at 916, 918. Citing Tauiliili, the circuit court ruled that Vaden could not get a "double credit" for his 340 days of imprisonment before the resentencing.

The ICA affirmed. It observed that Vaden's claim implicated two different credit categories: "presentence" credit under HRS § 706-671(1) and "probation incarceration" credit under HRS § 706-671(2). But, the ICA noted, neither Vaden nor the State addressed this distinction. So the record was unclear as to "what portion of the 340 days constitutes presentence days and probation sentence days." The distinction between presentence detention and probation incarceration played no further role in the ICA's analysis; the ICA concluded that Tauiliili was "dispositive": Vaden could not get "double" credit for any of the 340 days.

Now, Vaden asks this court to consider whether the ICA gravely erred and violated his rights under HRS § 706-671 or the double jeopardy clause by "erasing" his incarceration credit and effectively adding 340 days to his 10-year sentence.

**III.**

**A. Vaden's incarceration credit implicates both HRS § 706-671(1) and (2)**

Under HRS § 706-671(1) and (2), convicted defendants are entitled to credit for time served as follows:

6

> (1)     When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence. . . .
>
> (2)     When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. . . .

These two subsections concern distinct types of credit.

HRS § 706-671(1) controls credit for detention time between arrest and the initial sentence.

HRS § 706-671(2), in contrast, deals with credit for time served as part of a sentence.[4]  Though HRS § 706-671(2) refers to time served under a "vacated" sentence, our holding in State v. Delima confirms that HRS § 706-671(2) also applies to situations like Vaden's where a defendant serves time pursuant to probation that is later revoked.  See 78 Hawai'i 343, 348, 893 P.2d 194, 199 (1995) (holding that six months imprisonment served by a defendant as a condition of a later-revoked, probation was "time spent imprisoned for the purposes of HRS § 706-671(2)" that must be deducted from the new sentence imposed on resentencing).

The 340 days at issue here consist of three distinct time

---

[4]     The Model Penal Code and Commentaries' (MPC) discussion of a parallel section – MPC § 7.09 – also makes clear that subsection (1) applies to "time served prior to sentencing" while subsection (2) addresses "time served under a conviction[.]"  MPC § 7.09 at 310 (emphasis added).  Though MPC § 7.09 uses the word "conviction" in subsection (2), the commentary confirms that its principle "also extend[s] to a situation in which a court vacates a sentence and imposes a new one without vacating the conviction."  Id.

periods:

> (1) time served from his initial arrest to the initial sentencing;
>
> (2) time served under probation; and
>
> (3) time served between his (re)arrest in connection with his termination from the Maui Drug Court Program and resentencing.

Category (1) is "presentence" time under HRS § 706-671(1).

Under Delima, category (2) corresponds to "probation incarceration" time under HRS § 706-671(2).

Regarding category (3), though it happened *after* the imposition of the initial sentences, it is comparable to "presentence" detention time since Vaden was not serving any "sentence" during that period. Because HRS § 706-671(2) only governs time served under vacated or revoked sentences, we treat category (3) as "presentence" time under HRS § 706-671(1).

**B. Under HRS § 706-671(1) Vaden is entitled to credit his presentence detention time once against the aggregate of his consecutive sentence terms**

In Tauiliili, we held that under HRS § 706-671(1), "when consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." 96 Hawai'i at 199, 29 P.3d at

8

918.[5]  This holding is consistent with other courts that have interpreted laws concerning defendants' entitlement to "credit" for presentence detention time as allowing for credit *once* against the aggregate of consecutive sentences.  See, e.g, Wilson v. State, 264 N.W.2d 234, 235 (Wis. 1978) (concluding that "where consecutive sentences are imposed, pretrial incarceration time should be credited as time served on only one of such sentences").[6]

Vaden's argument that Tauiliili is inapplicable because it concerns consecutive sentences within a single case as opposed to multiple cases lacks merit.  Vaden cites no authority allowing "double dipping" in the "presentence" credit context

---

[5]  In Tauiliili we noted that the commentary to HRS § 706-671 states that the statute "provides for some equalization . . . between those defendants who obtain pre-sentence release and those who do not."  Allowing those who are detained prior to sentencing to get repeat credit, we said, would undermine the legislature's equalization rationale.  96 Hawai'i at 199, 29 P.3d at 918.

[6]  See also State v. Price, 50 P.3d 530, 535 (Mont. 2002) (holding that Montana statute governing credit for incarceration prior to conviction "entitles defendants to credit for presentence incarceration only once against the aggregate of all terms imposed when multiple sentences are imposed consecutively"); Schubert v. People, 698 P.2d 788, 795 (Colo. 1985) ("When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment."); Cox v. State, 522 P.2d 173, 176 (Kan. 1974) (holding that defendant was not entitled to credit presentence detention time against his state sentence where he had already received credit for that time against federal sentence he was serving consecutively to his state sentence); Nissel v. Pearce, 764 P.2d 224, 228 (Or. 1988) ("In light of the underlying purposes of statutes giving credit for presentence time served and the absence of any indication that the legislature intended (or even contemplated) duplicate credit for consecutive sentences, we hold that the plaintiff was not entitled to receive credit on each of his consecutive sentences.").

where the sentences at issue run consecutively to those in unrelated cases.[7],[8]

Tauiliili remains good law and is dispositive of our analysis of Vaden's arguments to the extent they concern presentence credit time: under Tauiliili, Vaden is entitled to credit his presentence HRS § 706-671(1) time *once* against the aggregate of any later imposed consecutive sentences.

**C.    Under HRS § 706-671(2) Vaden is entitled to credit for time served as a condition of probation once against the <u>aggregate</u> of his consecutive sentences**

Vaden also argues that HRS § 706-671(2) entitles him to credit time served as a discretionary condition of probation against each of the consecutive sentences imposed following the revocation of that probation.  We disagree for three reasons.

First, nothing in the plain text of HRS § 706-671(2) suggests that the legislature intended that time earned under HRS § 706-671(2) should be credited against multiple consecutive sentences.  The statute's use of the singular "sentence" reflects the fact that the word may refer not only to a

---

[7]    At least one state court of appeals has held that such "double dipping" is not allowed.  See Ransone v. State, 20 So.3d 445, 447, 449 (Fla. Dist. Ct. App. 2009) (refusing to double credit presentence jail time against consecutive sentences in *two separate cases* when the defendant was held in custody for both).

[8]    Vaden correctly argued that transferring credit to an unrelated case is prohibited.  See State v. March, 94 Hawai'i 250, 255, 11 P.3d 1094, 1099 (2000) (holding that a sentence that credits Defendant with the time served for an unrelated offense is illegal).  But no such transfer happened here. The 340 days were simultaneously accrued in all five cases.

particular term of incarceration imposed for a conviction on a single criminal count, but also to the sum of the terms of incarceration and other penalties imposed on a defendant for their crimes.  Multiple consecutive sentences are really just one sentence.  The order of resentencing in Vaden's case describes the ten terms of incarceration (imposed for ten different counts across five different cases) as a single "sentence" imposed "with this order."  Cf. State v. Percy, 612 A.2d 1119, 1127 (Vt. 1992) ("When all is said and done, a number of consecutive sentences becomes one sentence, and it is against this sentence, as 'imposed,' that pretrial detention is credited.").

Second, though Tauiliili does not control our analysis, its implicit interpretation of the word "sentence" in HRS § 706-671(1) is persuasive.  Tauiliili treats HRS § 706-671(1)'s "sentence" as referring to the aggregate of consecutive sentences imposed in connection with the defendant's crimes, not a particular term of imprisonment imposed in connection with a specific crime.  It makes sense to use the same definition of "sentence" in HRS § 706-671(2).  Adopting a more atomistic approach and reading "the new sentence" in HRS § 706-671(2) as referring to each consecutive term of incarceration imposed following the revocation or vacatur of probation would effectively require holding that the word "sentence" as used in

HRS § 706-671(2) has a different meaning from that of the same word in HRS § 706-671(1).

Third, reading HRS § 706-671(2) as requiring that probation incarceration time be applied against *each* consecutive sentence imposed after the revocation of probation would lead to unfair and arbitrary results. The defendant who served a year of probation incarceration time and then, following probation revocation, was sentenced to two consecutive five-year terms would, in total, spend a year less in prison than a defendant who served the same year as a condition of probation but was sentenced to a single ten-year term. Cf. Tauiliili, 96 Hawai'i at 199, 29 P.3d at 918 (explaining that allowing repeat credit for presentence detention time against consecutive sentences would "defeat the legislative purpose underlying consecutive sentencing" since if multiple credit were allowed, "the more consecutive sentences a criminal defendant received, the more credit [they] would accrue for presentence imprisonment").

Further, this reading of HRS § 706-671(2) would curb courts' ability to impose consecutive sentences. For instance, if a defendant commits five misdemeanors in five separate cases and serves one year before sentencing, they would receive five years of credit if the court imposes consecutive statutory maximum terms (one year for each misdemeanor). In that situation, the defendant would ultimately serve no additional

12

jail time, and the court's decision to impose consecutive sentences would be pointless.  Id.  Indeed, *any* consecutive sentence would be meaningless.

For these reasons, we hold that HRS § 706-671(2) entitles Vaden to incarceration credit earned pursuant to a later-revoked probationary sentence *once* against the aggregate of his later-imposed consecutive sentences.  As in the HRS § 706-671(1) context, this holding applies irrespective of whether the sentences are in one case or spread across multiple cases.

**D.  The double jeopardy clause does not require that Vaden be awarded incarceration credit against each of his consecutive sentences**

Along with his statutory arguments, Vaden advances a constitutional claim: he says the court's refusal to deduct 340 days from his 10-year consec sentence violates his double jeopardy rights.  We disagree.

The constitutional guarantee against double jeopardy[9] "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  This guarantee "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."  Id. at 718-19 (emphases

---

[9]     See U.S. Const. amend. V (guaranteeing that a person "subject for the same offence" shall not be "twice put in jeopardy of life or limb"); Haw. Const. art I, § 10 (same except that article I, section 10 omits "life or limb").

added) (footnote omitted).

If Vaden's incarceration time was earned pursuant to a probationary sentence that was later vacated, a trial court's refusal to credit that time against a sentence imposed in connection with a "new conviction for the same offense" would implicate Vaden's double jeopardy clause rights.[10]  But that's not what happened here.  Vaden's 340 days were served either *before sentencing*[11] or pursuant to a sentence of probation that was later <u>revoked</u>, not vacated.[12]  So his double jeopardy rights would only come into play if his total punishment in this case

---

[10]    See <u>State v. Thompson</u>, No. SCWC-17-0000427, 2020 WL 2846618, *3 (Haw. June 1, 2020) (SDO) (acknowledging that applying time served on <u>vacated</u> sentences only once against the aggregate of new consecutive sentences for the same crimes "would raise very serious double jeopardy issues" and result in "unconstitutional 'multiple punishments' for the same offense."  (Citation omitted)).

[11]    Several courts have held that the denial of prison credit for presentence detention time generally does not raise constitutional issues unless it operates to extend the defendant's total incarceration beyond the statutory maximum term.  <u>See, e.g.</u>, <u>Faye v. Gray</u>, 541 F.2d 665, 667 (7th Cir. 1976); <u>State v. Warde</u>, 570 P.2d 766, 768-69 (Ariz. 1977) ("[A] number of state and federal appellate courts . . . have held that a defendant, <u>as a matter of equal protection</u>, must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence." (Emphasis added.)).

[12]    "[T]he imposition of confinement when an offender violates his term of probation has never been considered to raise a serious double jeopardy problem."  <u>Ralston v. Robinson</u>, 454 U.S. 201, 220 n.14 (1981).  This is because the revocation of a defendant's probation and the imposition of a new sentence is a modification of the defendant's original sentence, not a "second" or "multiple" punishment for double jeopardy purposes.  So, as the Supreme Court explained in <u>Ralston</u>, there is no "double jeopardy" problem when the offender "by his own actions, trigger[s] the condition that permits appropriate modification of the terms of confinement."  <u>Id.</u>  <u>Cf.</u> <u>United States v. DiFrancesco</u>, 449 U.S. 117, 137 (1980) (stating that the double jeopardy clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be" and observing that "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment").

exceeded the maximum statutory penalty for the crimes at issue.[13]
Cf. Jones v. Thomas, 491 U.S. 376, 381 (1989) ("[I]n the
multiple punishments context, [the interest that the double
jeopardy clause seeks to protect] is 'limited to ensuring that
the total punishment did not exceed that authorized by the
legislature.'").  The sum of Vaden's 10-year sentence and the
340 days of presentence and probation incarceration[14] at issue in
this case is just shy of 11 years, far below the 21 years of
incarceration Vaden could have received in this case if the
court ran his terms of imprisonment consecutively.[15]

Since Vaden's punishment in this case does not exceed the

---

[13]   In Faye, the Seventh Circuit explained that in the context of
presentence incarceration, unconstitutional "double punishment" happens only
"when the [uncredited] pre-sentence time together with the sentence imposed
is greater than the statutory maximum penalty for the offense."  541 F.2d at
667.  It stands to reason that the double jeopardy clause would also prohibit
a court from imposing terms of imprisonment following the revocation of
probation that, if combined with time already served pursuant to the
probation, would exceed the maximum statutory *total punishment* for the crimes
at issue in the case.

[14]   The record is unclear as to how many of the 340 days were accrued
before sentencing and how many were accrued in connection with Vaden's
probation sentence.

[15]   The Faye court viewed "the statutory maximum penalty" as the maximum
*consecutive* terms a court can impose for the offenses at issue.  541 F.2d at
666-67.  There, the court sentenced the defendant to two concurrent seven-
year terms for two counts of rape; the statutory maximum for each was 30
years.  Id. at 666.  Because the presentence time plus the two concurrent
sentences was less than "the maximum punishment of 60 years which he could
have received [if the trial court ran the two 30-year terms consecutively],"
the court concluded that uncredited presentence time did not violate the
guarantee against double jeopardy.  Id. at 667.  Here, the maximum
consecutive terms the court could have imposed for the offenses at issue is
21 years: ten years for Count 2, five years each for Counts 3 and 4, and one
year for Count 5.

statutory maximum total punishment for the crimes at issue, and since his probation incarceration credit was not accrued under a vacated sentence, the trial court did not violate Vaden's double jeopardy clause rights by declining to credit the 340 days against Vaden's 10-year sentence.

## IV.

As described above, we affirm the ICA's Judgment on Appeal. We remand this case to the circuit court so that the court may: (1) order the Department of Public Safety to furnish the court with certificates of detention that comply with HRS § 706-671(1) and (2); and (2) file an amended judgment that affixes those certificates of detention.

| | |
|---|---|
| Benjamin E. Lowenthal<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Richard B. Rost<br>for respondent | /s/ Todd W. Eddins |

