Wendell William JACKSON, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4310.

Supreme Court of Wyoming.

June 10, 1974.

Rehearing Denied July 10, 1974.

Edward P. Moriarity and Terry W. Mackey of Urbigkit, Moriarity, Halle & Mackey, Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., and David A. Kern, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN and GUTHRIE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Wendell William Jackson, indicted, tried, and convicted for two offenses, possession of a controlled substance, cocaine, with intent to deliver, and unlawful delivery of a controlled substance, cocaine, to Sacarias Ramirez, in violation of §§ 35–347.-16(b)(4) and 35–347.31(a)(i), W.S.1957, 1973 Cum.Supp., was sentenced, two to three years, for the offense of delivery, with no sentence for the possession. He has appealed, urging denial of a fair and impartial trial because (1) he was refused change of venue, (2) there was a break in the chain of evidence examined by the chemist who gave an opinion about the nature of the substance charged to have been unlawfully delivered, and (3) he was tried on two separate indictments arising out of the same circumstances.

Approximately three weeks before the trial, defendant filed a motion for change of venue with a supporting affidavit from his counsel, stating that just previously this counsel had represented two other defendants charged with drug violations before the same jury panel that had been called to hear the Jackson case; that during drug raids in Laramie County a special agent for the attorney general's office had been accidently shot and killed, the incident occurring in the residence of defendant Jackson's brother; that in the course of the trial of one of his above-mentioned clients, Betty Jo Boyd, she was referred to as Betty Jo Jackson, the same surname as defendant Jackson, defendant's name being brought up on numerous occasions before the jury;[1] and that these circumstances together with the panel's having been exposed to numerous drug cases during the jury term would prevent the defendant from receiving a fair and impartial trial before that specific jury panel or in Laramie County. The court reserved ruling on the motion until after voir dire of the jury at defendant's trial. Following the voir dire, counsel for the defense as well as counsel for the State was heard at some length regarding the motion for change of venue, at which time it was urged that counsel had been limited and handicapped in examination of the jurors for fear he would prejudice them in talking about the problems which he had raised in the affidavit and insisted that defendant would be prejudiced by being tried before the jurors called, pointing out among other things that three of the jurors had served on previous drug cases. The court responded that with the calling of twenty-five additional members to supplement the existing panel and according defense counsel great liberty in the extent of his voir dire for the purpose of questioning and resultant excuses for cause as well as defendant's having exercised eight peremptory challenges, there was not sufficient grounds for change of venue and denied the motion.

Defendant here concedes the general rule of law that allowance of a change of venue is ordinarily within the sound discretion of the trial court, citing

---

1. No instance is cited nor details of any purported basis of unfairness given.

State v. Hambrick, 65 Wyo. 1, 196 P.2d 661, 65 Wyo. 55, 198 P.2d 969; State v. Spears, 76 Wyo. 82, 300 P.2d 551; Crouse v. State, Wyo., 384 P.2d 321. He points out, however, that these cases were decided under statutory procedure rather than court rules and further that the present situation is distinguishable since here defendant filed an affidavit setting forth the factual contentions upon which the motion was based, and no counter-affidavits or anything in the record having contradicted defendant's affidavit, the facts stated therein must be taken as true. Even so, and assuming the statements in the affidavit to have been true, we find the circumstances asserted not to be such as to override the trial court's discretion. From the record it appears that careful consideration was given to all matters relating to the request. In Mares v. State, Wyo., 500 P.2d 530, 535, decided under the present criminal rules, we held that in order for change of venue to be granted defendant must show prejudice so great or general as to prevent his receiving a fair and impartial trial. No such showing was made here.

The argument that there was a break in the chain of evidence concerning the substance which defendant was charged to have delivered presents factors which merit some scrutiny. The basis of the challenge arises from the fact that the evidence tends to show Richard Ruybal, the chemist assigned soon after the delivery to analyze the substance in question, was not available at the time of the trial and another chemist, Michael Miller, made a second analysis and testified concerning it. The matter is complicated by the occurrence that the person claiming to have purchased the substance from defendant testified that he received two paper "decks"[2] which he after field testing the contents (the tests indicating the substance to be cocaine) put in a plastic evidence bag, enclosed in a locked sealed evidence envelope, placed in a brown mailing envelope and sent registered mail to the Bureau of Narcotics and Dangerous Drugs, Dallas Regional Laboratory—whereas when the testifying chemist first saw the evidence on September 7, shortly before the trial, the substance which he later analyzed was contained in a plastic vial (upon which was written the lab number, the date, 3–13–73, and the initials, RR) enclosed in the plastic evidence bag along with two pieces of writing paper (both the bag and papers bore Sacarias Ramirez's initials and the date, 3–7–73, as well as the initials, RR, the date 3–13–73, and the lab number). Since there was no direct evidence to show the genesis of the vial or to disclose that the contents thereof were the same as had been in the two paper decks, defendant's counsel objected because there was no proper foundation or chain of evidence and the proffered exhibit was irrelevant. After numerous voir dire examinations of the witness Miller, and colloquies between court and counsel, the State presented, and the court received over objection, a card bearing the agency case number, N1–73–X037, the number testified to have been placed on the locked sealed evidence envelope in which Ramirez had enclosed the plastic evidence bag, which contained the two paper decks, and mailed to the Dallas laboratory. The card showed the agency case number, the lab number, and the date received, March 12, 1973. The witness Miller was then permitted to testify over objection, similar to the ones previously interposed, that this card (State's Exhibit 6) indicated to him where the evidence had been while in the custody of the Dallas laboratory and the persons who had been in possession of it, namely, first the evidence technician and thereafter the chemist Ruybal whereupon the court admitted the exhibit as an official business record based on the testimony of witness Miller.

Defendant insists that the court erred in admitting the exhibit and the testimony regarding it because Ramirez, the purported

---

2. "Pieces of paper, writing paper[,] were folded into a rectangular shape. Cocaine contained inside the writing paper after it was folded."

purchaser, had spoken only of the pieces of writing paper containing the substance and the chemist Miller had no personal knowledge of how the substance he tested "had got into the vial" so that there was a substantial break in the chain of possession, citing authorities on the point.

■ In general we can agree that a continuous chain of possession is necessary in establishing a proper foundation for the admissibility of a controlled substance. However, the viewpoint presented overlooks the provisions of the Uniform Business Records as Evidence Act, § 1–170 et seq., W.S.1957, and the rule that admissibility of business records in evidence is not restricted to that in civil actions but is also applicable in a criminal case. State v. Ramstad, N.D., 87 N.W.2d 736, 741.

■ In this instance, the witness Miller testified that the card (State's Exhibit 6) disclosed where State's Exhibit 1 (the plastic evidence bag and contents) had been since in the custody of the Dallas laboratory, and that according to standard procedures in the office for handling evidence of narcotics and dangerous drugs the card showed the evidence was in the custody of the evidence technician from the date it was received to the day following, which was March 13, and from that date it was in the custody of Ruybal, the first examining chemist, until March 27 when it was returned to the evidence technician and from March 27 it was in the custody of the evidence technician in the Dallas laboratory until September 7 when it was surrendered to Miller's custody. This, under the Uniform Business Records as Evidence Act, was sufficient foundation; and there was no error of the court in this regard.

■ Defendant contends that his conviction on the two offenses, possession of cocaine with intent to deliver and delivery of cocaine, constitutes double jeopardy since they arose out of the same circumstances. The cases he cites in support of his argument are not closely analogous, but the question is material to the present appeal and warrants discussion. The pertinent

rule, although variously stated, is well phrased in State v. Johnson, 112 Ohio App. 124, 165 N.E.2d 814, 820:

" * * * if the offenses charged are separate and distinct either with respect to statutory definition, or, because * * * they grow out of different transactions and different evidence is needed to prove each, then the constitutional inhibition against double jeopardy is not applicable and, so long as the offenses charged are not factually inconsistent, a defendant may be found guilty and judgment of sentence thereon may be had as to each of the offenses charged. * * *";

see also 22 C.J.S.Criminal Law § 295(3), p. 772.

The testimony adduced in the present trial reflects that Ramirez said he advised the defendant he was interested in purchasing about two grams of cocaine, that defendant said the price would be sixty dollars per gram, that the money was paid; and that defendant sat down, reached in his left sock, pulled out a plastic bag holding approximately ten paper decks containing suspected cocaine, and gave the purchaser two of them.

■■ As to the first aspect of the rule (the offenses charged are separate and distinct with respect to statutory definition), possession of a controlled substance with intent to deliver and unlawful delivery of a controlled substance are under § 35–347.-31(a) separate and distinct. Even so, as pointed out by this court in State v. Tobin, 31 Wyo. 355, 226 P. 681, 686, in certain situations the violation of a charged offense separate and distinct from another with respect to statutory definition is necessarily embraced in and merged in the other.

■ As already discussed, we have concluded that defendant's objection to the introduction in evidence of the controlled substance was untenable. However, the offense established by the evidence of defendant's possessing the two decks with intent to deliver was under the circumstances

here present embraced within the offense of unlawful delivery of a controlled substance so as to be within the Tobin rule and should not therefore be the basis of a conviction for possession with intent to deliver the same substance.

As to the second aspect of the rule (the offenses charged grow out of different transactions and different evidence is needed to prove each), there is no evidence to show the nature of the contents of the other approximately eight decks which defendant had but did not deliver to Ramirez, and accordingly, the charge of possession of a controlled substance with intent to deliver as relates to this material does not meet the test of possession beyond a reasonable doubt.

The verdict and portion of the judgment relating to possession with intent to deliver must be reversed. The conviction for "delivery of cocaine" and the judgment thereon are affirmed.

Reversed in part; affirmed in part.