**Larrie GEISER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–187.**

Supreme Court of Wyoming.

June 26, 1996.

Sylvia L. Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Donna D. Hoffdahl, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Mi-

chael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and James M. Smirch, Student Intern, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

This is a felony check fraud case brought before this court by appellant. Appellant was convicted of two separate felony check fraud charges in two different counties. Appellant appeals his second conviction as violative of double jeopardy. We affirm.

## I. ISSUES

Appellant states the issue as follows:

Was the Appellant denied his constitutional right to be free from double jeopardy when the State convicted him twice of felony fraud by check and the time period relied upon was the same for both convictions?

Appellee states the issue as follows:

Was appellant put twice in jeopardy when, after being convicted in Laramie County for fraudulently issuing two or more checks in the aggregate amount of more than $500.00 between May 17, 1992, and July 19, 1992, he was subsequently convicted in Weston County for fraudulently issuing five additional checks in the aggregate amount of more than $500.00 between September 4, 1992, and September 11, 1992?

## II. FACTS

In September of 1992, appellant, Larrie Geiser (Geiser), was charged with felony check fraud in Weston County, Wyoming. During a sixty-day period, Geiser issued five checks in the aggregate amount of over $500.00. The last check was issued September 11, 1992. The first check was issued on September 4, 1992. Previously, Geiser pled guilty to felony check fraud in Laramie County, Wyoming with the last check being issued on July 19, 1992.

## III. DISCUSSION

Geiser argues that his constitutional right to be free from double jeopardy was violated. The Fifth Amendment of the United States Constitution and Wyo. Const. art. 1, § 11 provide three separate constitutional protections. These double jeopardy clauses protect " 'against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.' " *Cook v. State*, 841 P.2d 1345, 1347 (Wyo.1992) (*quoting Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306–07, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984)). Protection against multiple punishments is the only issue raised in this case.

A person is guilty of felony check fraud "if the offender is convicted of fraud by check involving two (2) or more checks issued within *any* sixty (60) day period in the state of Wyoming totaling five hundred dollars ($500.00) or more in the aggregate." Wyo. Stat. § 6–3–702(b)(iii) (1988) (emphasis added). Geiser argues that since the last check issued in Weston County was written within the same sixty-day period as the last check in Laramie County, it is double jeopardy to charge and convict him twice. Geiser's argument fails because he committed two separate crimes. *Jerskey v. State*, 546 P.2d 173, 186 (Wyo.1976).

This court has held that " ' "if offenses charged are *separate and distinct* either with respect to statutory definition, or, because *they grow out of different transactions and different evidence is needed to prove each, then constitutional inhibition against double jeopardy is not applicable*." ' " *Jerskey*, 546 P.2d at 186 (*quoting Jackson v. State*, 522 P.2d 1356, 1359 (Wyo.1974)) (emphasis added). Geiser committed two separate and distinct crimes and there can be no double jeopardy violation for convicting him of each crime. *Id.*

## IV. CONCLUSION

Each offense involved two or more bad checks totaling over $500.00. Further, each offense occurred in a different county, at different times and involved different victims.

Thus, venue, which is an element of the crime, is different with respect to each charge. *Brown v. State,* 703 P.2d 1097, 1099 (Wyo.1985). Geiser's conviction is affirmed on two theories. First, because he committed two separate and distinct crimes double jeopardy cannot attach. *Jerskey,* 546 P.2d at 186. Second, each offense was charged in a different venue, thus altering an element of each crime and, again, double jeopardy cannot attach. *Brown,* 703 P.2d at 1099. Geiser's argument fails under each theory and his conviction is affirmed.