# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 9

OCTOBER TERM, A.D. 2013

*January 23, 2014*

DONALD GEE,

Appellant
(Defendant),

v.

S-13-0142

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable David B. Park, Judge*

*Representing Appellant:*
Donald Gee, *Pro se*

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; and Jeffrey Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     Donald Gee, appearing pro se, appeals the district court's denial of his motion to correct an illegal sentence. Finding that Gee's claims are barred by the doctrine of *res judicata*, we affirm the district court's order.

## ISSUE

[¶2]     Gee presents the following issue on appeal:

> Did the district court err in summary dismissal of both [Gee's] pro se petition for correction of illegal sentence and petition to correct sentence?

## FACTS

[¶3]     In 1982, a jury found Gee guilty of aggravated robbery and unauthorized use of a vehicle. He was sentenced to the Wyoming State Penitentiary for a term of forty to forty-five years on the aggravated robbery charge, and a term of eight to ten years on the unauthorized use of a vehicle charge, with the sentences to run concurrently. Gee timely appealed his conviction, challenging the admission of identification evidence from a witness who had undergone hypnosis, and this Court affirmed. *Gee v. State*, 662 P.2d 103 (Wyo. 1983). Gee did not raise any sentencing issues in that appeal. *Id*.

[¶4]     Before Gee began serving his Wyoming sentence, he was released to federal authorities to serve a sentence on unrelated federal charges. On July 20, 1983, after this Court affirmed Gee's conviction, Gee filed a Motion for Sentence Reduction, requesting that the district court amend his sentence to clarify that Gee's state sentence would run concurrently with his federal sentence. On September 2, 1983, the court issued an order denying the motion. Gee did not appeal the order denying his sentencing motion. On September 27, 1983, the court issued an Order *Nunc Pro Tunc*, clarifying that Gee's Wyoming sentence was to "run consecutively with prior prison sentences handed down in other jurisdictions." Gee did not appeal the Order *Nunc Pro Tunc*.

[¶5]     On December 12, 1983, Gee filed a motion requesting that the district court either return him to Wyoming to begin serving his state sentence or vacate his state conviction. On April 23, 1984, the court denied Gee's motion. Gee did not timely appeal that order.

[¶6]     In 1988, a warrant was issued for the arrest of Gee, and he was returned to Wyoming to begin serving his Wyoming sentence. On October 18, 2012, Gee filed a Petition for Correction of Illegal Sentence, arguing that the district court should enter an order giving Gee credit for the time served in a federal facility from September 1, 1982 to April 21, 1988. The record does not reflect a State response to the 2012 petition or a

1

court order on the motion. On April 15, 2013, Gee filed a Petition to Correct Sentence. In his 2013 petition, Gee argued that his sentence was illegal because he was not given credit for time served in the federal facility, the sentence was disproportionate to the severity of his crime, and the sentence was motivated by racial discrimination. On April 24, 2013, the district court issued an order denying Gee's petition, stating that "no showing ha[d] been made pursuant to Rule 35(a) of the Wyoming Rules of Criminal Procedure to justify or require a correction of the Defendant's sentence." Gee filed a timely Notice of Appeal.

## STANDARD OF REVIEW

[¶7]    In reviewing a district court's denial of a motion to correct an illegal sentence, we apply the following standard of review:

> This Court reviews a trial court's denial of a motion to correct an illegal sentence by using an abuse of discretion standard. However, this discretion is limited to a determination by the trial court as to whether the sentence was legal or illegal. . . .   An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. Whether a sentence is illegal is determined by referencing the applicable statute or constitutional provisions, and is subject to statutory interpretation. The determination of whether the appropriate rule was applied to a set of facts is a question of law, requiring *de novo* review.

*Ferguson v. State*, 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013) (quoting *Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011)).  Whether a claim is barred by *res judicata* is also a question of law, reviewed *de novo*.  *Id.*; *see also DeLoge v. State*, 2012 WY 128, ¶ 9, 289 P.3d 776, 778 (Wyo. 2012).

## DISCUSSION

[¶8]    Gee argues on appeal that he should receive credit against his state sentence for time spent in a federal facility on a federal charge, and he asserts claims that his sentence is disproportionate to his crime's severity and was motivated by a discriminatory intent. The State has responded to Gee's claims on their merits but also argues that the claims are barred by the doctrine of *res judicata*.  We agree with the State that *res judicata* bars Gee's sentencing claims.

[¶9]   This Court has long held that motions to correct illegal sentences are subject to the doctrine of *res judicata. Ferguson*, ¶ 11, 309 P.3d at 834; *Dax v. State*, 2012 WY 40, ¶ 10, 272 P.3d 319, 321 (Wyo. 2012).  In determining whether *res judicata* bars a claim, four factors must be considered:

> (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Kurtenbach v. State*, 2013 WY 80, ¶ 6, 304 P.3d 939, 940-41 (Wyo. 2013) (quoting *Martinez v. State*, 2007 WY 164, ¶ 11, 169 P.3d 89, 91 (Wyo.2007)).  "If a party fails to 'show good cause why the issue was not raised at an earlier opportunity, the court may decline to consider the issue.'"  *Dax*, ¶ 11, 272 P.3d at 321 (quoting *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo.1997)).

[¶10]  Gee has had multiple opportunities to raise his claims regarding the legality of his sentence, including in the 1983 appeal of his conviction and in the many sentencing motions he filed.  Indeed, Gee did raise the issue concerning credit for time served on federal charges in his 1983 motions, and he failed to appeal the denial of those motions.  The question then is whether Gee was justified in failing to raise his current claims during prior proceedings.  In that regard, Gee asserts that he "is untrained in law" and is limited by "his restrictive condition of confinement at WSP."  We reject this justification.  In Gee's original appeal to this Court, he was represented by court-appointed counsel, and in any event, we have held that "[f]ailing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention."  *Ferguson*, ¶ 12, 309 P.3d at 834 (quoting *Winstead v. State*, 2011 WY 137, ¶ 12, 261 P.3d 743, 746 (Wyo. 2011)).  Finally, Gee's history of claims in both state and federal court belie his proffered justification.  *See Gee v. Murphy*, 325 Fed. Appx. 666, 667 (10th Cir. 2009) ("Mr. Gee has been before the Tenth Circuit on more than twenty occasions, either on appeals or attempts to appeal.").

## CONCLUSION

[¶11] Gee had multiple opportunities to assert his current sentencing claims and prosecute appeals related to those claims, and he offers no acceptable justification for his failure to do so.  Gee's claims are thus barred by *res judicata*, and we affirm the decision of the district court.