# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 72

APRIL TERM, A.D. 2014

June 9, 2014

CHAD FARON MEBANE,

Appellant
(Defendant),

v.

No. S-14-0048

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*

*Pro se.*

*Representing Appellee:*

Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin Young, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Appellant, Chad Mebane, was convicted on two felony charges of delivery of a controlled substance and one misdemeanor charge of possession of a controlled substance. Mr. Mebane appealed, and we affirmed. *Mebane v. State*, 2012 WY 43, ¶ 21, 272 P.3d 327, 330 (Wyo. 2012) ("*Mebane I*"). Later, Mr. Mebane filed a "Motion to Correct an Illegal Sentence Pursuant to Rule 35(a), W.R.Cr.P." The thrust of his motion was that being convicted and sentenced on two charges of delivery of a controlled substance violated his constitutional right not to be punished twice for "the same offense." The district court denied the motion. Mr. Mebane challenges that decision in this appeal. We affirm.

## *ISSUE*

[¶2]    The issue presented is whether Mr. Mebane's separate convictions and sentences on two charges of delivery of a controlled substance violate the constitutional protection against double jeopardy.

## *STANDARD OF REVIEW*

[¶3]    "This Court reviews *de novo* the question of whether a defendant's constitutional protection against double jeopardy has been violated." *Daniel v. State*, 2008 WY 87, ¶ 7, 189 P.3d 859, 862 (Wyo. 2008) (citing *Meyers v. State*, 2005 WY 163, ¶ 8, 124 P.3d 710, 714 (Wyo. 2005)).

## *FACTS*

[¶4]    We recited these basic facts in *Mebane I*, ¶ 3, 272 P.3d at 327-28:

> Mebane's convictions stem from two controlled buys made by a confidential informant under the supervision of the Division of Criminal Investigation on June 8, 2010, and again on July 13, 2010. After the second buy, a DCI agent obtained a search warrant to search Mebane's home and methamphetamine was found and seized. These events resulted in Mebane being tried on two separate charges of delivery of methamphetamine in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i) (LexisNexis 2011) and one charge of possession of methamphetamine in violation of Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) (LexisNexis 2011).

The jury found Mr. Mebane guilty on all three charges. He was sentenced to 12 to 15 years in prison on the first delivery charge, 12 to 15 years in prison for the second

delivery charge, and six months in jail for the possession charge. The district court ordered the three sentences to be served consecutively, beginning with the six month sentence for possession.

[¶5]     After the resolution of his appeal, Mr. Mebane filed a motion to correct an illegal sentence. He asserted that his two convictions and sentences on the delivery charges resulted in his being punished twice for "the same offense," in violation of the double jeopardy protections of the United States Constitution and the Wyoming Constitution. The district court denied the motion on the basis that being punished for two different violations of the same criminal statute did not violate Mr. Mebane's right to be free from double jeopardy. Mr. Mebane filed a timely *pro se* appeal of that ruling.

## *DISCUSSION*

[¶6]     An illegal sentence is "one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *McDaniel v. State*, 2007 WY 125, ¶ 7, 163 P.3d 836, 838 (Wyo. 2007) (citing *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo. 2004)). *See also Ferguson v. State*, 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013); *Gould v. State*, 2006 WY 157, ¶ 9, 151 P.3d 261, 265 (Wyo. 2006). Mr. Mebane correctly asserts that the Fifth Amendment to the United States Constitution and Article 1, Section 11 of the Wyoming Constitution prohibit "multiple punishments for the same offense."[1] *See, e.g.*, *Geiser v. State*, 920 P.2d 1243, 1244 (Wyo. 1996). He maintains that he is being punished twice for the "same offense," which is delivery of a controlled substance. His claim is without merit.

[¶7]     Mr. Mebane has not been punished twice for the same offense. He was convicted of two offenses with the same name – delivery of a controlled substance – but not twice for the "same offense" as that term is used in the double jeopardy clauses of our Constitutions. Mr. Mebane delivered methamphetamine on two different days:  June 8, 2010, and July 13, 2010. He committed two separate criminal acts in two separate transactions. It does not violate double jeopardy protection to convict and sentence him for each separate offense.

[¶8]     In *Geiser*, 920 P.2d at 1244, we considered whether conviction on two separate counts of felony check fraud violated Mr. Geiser's constitutional right to be free from double jeopardy. We noted that a person is guilty of felony check fraud if he "is

_____

[1] As provided in the Fifth Amendment to the United States Constitution:  "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." As provided in Article 1, Section 11 of the Wyoming Constitution:  "nor shall any person be twice put in jeopardy for the same offense."

convicted of fraud by check involving two (2) or more checks issued within any sixty (60) day period in the state of Wyoming totaling five hundred dollars ($500.00) or more in the aggregate." *Id*. (quoting Wyo. Stat. Ann. § 6-3-702(b)(iii) (1988) (added emphasis omitted)). Mr. Geiser had written several fraudulent checks within two sixty-day periods in different counties. He argued that it was improper to convict him of more than one crime because "the last check issued in Weston County was written within the same sixty-day period as the last check in Laramie County." *Geiser*, 920 P.2d at 1244.

[¶9]   We denied Mr. Geiser's claim and explained:

> This court has held that if offenses charged are ***separate and distinct*** either with respect to statutory definition, or, because ***they grow out of different transactions and different evidence is needed to prove each, then constitutional inhibition against double jeopardy is not applicable***. *Jerskey* [*v. State*], 546 P.2d [173,] 186 [(Wyo. 1976)] [(*citing*] *Jackson v. State*, 522 P.2d 1356, 1359 (Wyo. 1974)) (emphasis added). Geiser committed two separate and distinct crimes and there can be no double jeopardy violation for convicting him of each crime. *Id*.

*Id.* (quotation marks omitted).

[¶10] Mr. Mebane's convictions and sentences may be sustained on similar grounds. He committed two separate and distinct crimes on different dates. The dates are elements of the crimes. *Brown v. State*, 703 P.2d 1097, 1099 (Wyo. 1985). Because of the different dates of Mr. Mebane's criminal acts, each charge includes an element that is unique. Double jeopardy does not attach.

[¶11] Mr. Mebane cites our recent decision in *Sweets v. State*, 2013 WY 98, ¶ 45, 307 P.3d 860, 874 (Wyo. 2013), in which we "overrule[d] the facts or evidence test for evaluating double jeopardy challenges to multiple punishments." Mr. Mebane interprets that decision to mean that facts and evidence are now irrelevant in double jeopardy analysis. Accordingly, he contends that the fact of "Count[s] I and II happening on different days is irrelevant." Again, there is no merit in such an assertion.

[¶12] In *Sweets*, ¶ 49, 307 P.3d at 875, we rejected the "facts or evidence test" in favor of the "same elements test." The same elements test was set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a ***fact*** which the other does not." (Emphasis added.) In Mr. Mebane's case, one charge required proof that he delivered a controlled substance on June 8, 2010, and the other charge required proof that the transaction occurred on July 13,

2010. Each required proof of a fact which the other did not. There are two offenses, not one.

[¶13] The *Blockburger* decision itself confirms that double jeopardy protection does not prohibit Mr. Mebane's two convictions and sentences. Mr. Blockburger had been convicted on three charges. The first two "charged a sale of morphine hydrochloride to the same purchaser." *Id.*, 284 U.S. at 301, 52 S.Ct. at 181.

> The contention on behalf of petitioner is that these two sales, having been made to the same purchaser and following each other with no substantial interval of time between the delivery of the drug in the first transaction and the payment for the second quantity sold, constitute a single continuing offense. The contention is unsound. . . . Each of several successive sales constitutes a distinct offense, however closely they may follow each other.

*Id*. at 301-302, 52 S.Ct. at 181. The Court affirmed Mr. Blockburger's separate convictions and sentences. We will do likewise.

[¶14] The district court's "Order Denying Motion to Correct an Illegal Sentence" is affirmed.