2015 WY 65

**Ira G. TUCKER, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–14–0294.

Supreme Court of Wyoming.

May 11, 2015.

Representing Appellant: Ira G. Tucker, Pro se.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; and Joshua C. Eames, Assistant Attorney General.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

HILL, Justice.

[¶ 1] Ira Tucker entered conditional guilty pleas to possession of marijuana with intent to deliver and possession of methamphetamine with intent to deliver. The district court sentenced him to two consecutive sentences of 7–10 years and 14–18 years. This Court then affirmed that sentence in *Tucker v. State*, 2009 WY 107, 214 P.3d 236 (Wyo.2009).

[¶ 2] In October of 2014, Mr. Tucker filed a motion to correct an illegal sentence, arguing as he had in numerous other motions that his sentences violated double jeopardy by punishing him twice for the same offense. The district court ruled against him and this appeal followed.

[¶ 3] We will affirm.

## ISSUE

[¶ 4] Did the district court abuse its discretion when it denied Mr. Tucker's motion to correct an illegal sentence?

## FACTS

[¶ 5] The background of this case is contained in *Tucker v. State*, 2009 WY 107, ¶¶ 3–6, 214 P.3d 236, 238–39 (Wyo.2009). Rather than Mr. Tucker's entire history, we will focus on the procedural facts of this appeal. In 2008 Mr. Tucker entered a conditional plea to two charges, one count of possession of marijuana with intent to deliver, and one count of possession of methamphetamine with intent to deliver. The district court sentenced him to consecutive terms of 7–10 years on the marijuana count and 14–18 years for the methamphetamine count. His plea was conditioned on his right to appeal, which he did. Mr. Tucker's claims were rejected on appeal by this Court, and his convictions were affirmed in *Tucker v. State*, 2009 WY 107, 214 P.3d 236 (Wyo.2009).

[¶ 6] Unfortunately, the record on appeal does not adequately reflect the filings that were made in this case by Mr. Tucker, aside from a docket sheet. From his brief, and from the State's brief, we can glean that there was a previous motion for sentence reduction in district court, post-conviction motions in district court, a habeas corpus motion in district court, and writs of certiorari to this Court. All of the above were denied.

[¶ 7] This matter began on October 10, 2014, when Mr. Tucker filed a motion to correct an illegal sentence under Wyoming Rule of Criminal Procedure 35(a). Mr. Tucker again claimed his conviction and sentence violated double jeopardy protections based upon this Court's decision in *Sweets v. State*, 2013 WY 98, 307 P.3d 860 (Wyo.2013). The district court denied Mr. Tucker's motion. It concluded that *res judicata* barred Mr. Tucker's present motion and that double jeopardy is not cognizable under Rule 35(a).[1]

[¶ 8] This appeal followed.

## STANDARD OF REVIEW

[¶ 9] "A district court has discretion in ruling on a motion to correct an illegal sentence; consequently, we review the district court's ruling for abuse of discretion." *Gould v. State*, 2006 WY 157, ¶ 7, 151 P.3d 261, 264 (Wyo.2006).

---

1. Although the district court ruled that Mr. Tucker's double jeopardy claim is not cognizable on a W.R.Cr.P. 35 motion to correct an illegal sentence, we note our ruling in *Mebane v. State*, 2014 WY 72, 326 P.3d 928 (Wyo.2014). *Mebane* effectively overruled *DeSpain v. State*, 865 P.2d 584 (Wyo.1993), *sub silentio*, when we ruled that double jeopardy issues can be addressed under Rule 35, for reasons indicated in *Mebane*. *DeSpain* held that a double jeopardy challenge to multiple convictions for a single criminal event must be brought in a petition for post conviction relief rather than in a motion to correct an illegal sentence under W.R.Cr.P. 35(a).

## DISCUSSION

[¶ 10] In his single issue, Mr. Tucker argues that his sentences are illegal because the sentencing court imposed multiple sentences for the same offense. He contends that there was only one drug transaction, and thus his two convictions should merge for sentencing purposes. The State responds that *res judicata* bars Mr. Tucker's motion because his double jeopardy claim was previously rejected by the district court and by this Court.

[¶ 11] An illegal sentence is "one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Mebane v. State*, 2014 WY 72, ¶ 6, 326 P.3d 928, 929 (Wyo.2014). This Court has long held that motions to correct illegal sentences are subject to the doctrine of *res judicata*. *Gee v. State*, 2014 WY 9, ¶ 9, 317 P.3d 581, 583 (Wyo.2014); *Dax v. State*, 2012 WY 40, ¶ 10, 272 P.3d 319, 321 (Wyo.2012). In determining whether *res judicata* bars a claim, four factors must be considered:

(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Gee*, ¶ 9, 317 P.3d at 583. All four factors are satisfied here. In Mr. Tucker's previous motions and appeals he raised the same issues, which both the district court and this Court have repeatedly rejected. Mr. Tucker's claims are thus barred by *res judicata*.

[¶ 12] Had we reached the merits on this case, we would have reiterated that Mr. Tucker has not been punished twice for the same offense. He was convicted of two offenses with the same name—possession of a controlled substance with intent to deliver—but not twice for the "same offense," as that term is used in the double jeopardy clauses of our constitutions. *See Mebane*, ¶ 6, 326 P.3d at 929. Mr. Tucker possessed two different drugs, methamphetamine and marijuana, thus committing two separate criminal offenses. As a result, double jeopardy is not activated.

## CONCLUSION

[¶ 13] The district court did not err as a matter of law when it denied Mr. Tucker's motion to correct an illegal sentence on the basis of *res judicata*. Affirmed.