# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 79

APRIL TERM, A.D. 2023

August 10, 2023

JESSE JODEAN VEATCH,

Appellant
(Defendant),

v.

S-23-0070

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Jesse Jodean Veatch, pro se.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]     Jesse Jodean Veatch appeals the denial of his motion to correct an illegal sentence. He asserts two consecutive sentences for two counts of delivery of methamphetamine violated his constitutional protections against double jeopardy.  Finding no abuse of discretion by the district court, we affirm.

### *ISSUE*

[¶2]     The single issue presented is whether the district court abused its discretion when it denied Mr. Veatch's motion to correct an illegal sentence.

### *FACTS*

[¶3]     On two occasions on May 28, 2019, Mr. Veatch sold methamphetamine to the same confidential informant.  One sale occurred in the late morning and involved one half-gram of methamphetamine in exchange for fifty dollars.  The second sale occurred in the late afternoon and involved two and one-half grams of methamphetamine in exchange for three hundred dollars.  The State charged Mr. Veatch with two counts of delivery of a controlled substance in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i) (LexisNexis 2017).

[¶4]     Following a bench trial, the district court found Mr. Veatch guilty on both counts. The court sentenced him to three to six years on each count, to run consecutively.  The sentences were suspended for a five-year period of probation.  Five months later, the State petitioned to revoke probation when law enforcement found Mr. Veatch in possession of methamphetamine in violation of his probation conditions.  The State also charged Mr. Veatch, in a separate action, with a new count of possession of a controlled substance.  Mr. Veatch admitted to the probation violation.

[¶5]     The State and Mr. Veatch's counsel submitted a plea agreement that requested the trial court reimpose the original sentence of three to six years for each of the two counts for delivery, to run consecutively.  The parties also asked for a concurrent sentence of two to two and one-half years for the new charge of possession of a controlled substance.  The court accepted the plea agreement and imposed those sentences.

[¶6]     Mr. Veatch filed a pro se motion to correct an illegal sentence pursuant to W.R.Cr.P. Rule 35(a).  He asserted the two sentences for delivery of a controlled substance should be concurrent because the charges appeared in the same charging document, arose from the same arrest, and were tried under the same district court docket number.  The district court held the two counts were distinct and separate crimes and denied Mr. Veatch's motion. This appeal timely followed.

## STANDARD OF REVIEW

[¶7]   We review the denial of a motion to correct an illegal sentence for an abuse of discretion. *E.g.*, *Harrell v. State*, 2022 WY 76, ¶ 5, 511 P.3d 466, 468 (Wyo. 2022) (citing *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022)). Whether a sentence is illegal as a violation of the double jeopardy clause is a question of law which we review de novo. *Winters v. State*, 2019 WY 76, ¶ 100, 446 P.3d 191, 221 (Wyo. 2019).

## DISCUSSION

[¶8]   An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or other law. *Mebane v. State*, 2014 WY 72, ¶ 6, 326 P.3d 928, 929 (Wyo. 2014) (citing *McDaniel v. State*, 2007 WY 125, ¶ 7, 163 P.3d 836, 838 (Wyo. 2007)). Mr. Veatch asserts his consecutive sentences violate his constitutional right against double jeopardy.

[¶9]   The Fifth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, prohibits multiple prosecutions and punishments for the same offense. U.S. Const. amend V (". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."); *Cercy v. State*, 2019 WY 131, ¶ 11, 455 P.3d 678, 682 (Wyo. 2019) (citations omitted). Article 1, Section 11 of the Wyoming Constitution also prohibits multiple prosecutions and punishments for the same offense. Wyo. Const. art 1, § 11 (". . . nor shall any person be twice put in jeopardy for the same offense."). We give the two constitutional provisions the same meaning, consider them "coextensive in application," and can look to federal court decisions regarding the Fifth Amendment's double jeopardy protections for persuasive authority. *Tucker v. State*, 2010 WY 162, ¶ 41, 245 P.3d 301, 311–12 (Wyo. 2010); *Vigil v. State*, 563 P2d 1344, 1350 (Wyo. 1977). The double jeopardy clauses protect against: (1) second prosecutions for the same offense after an acquittal; (2) second prosecutions for the same offense after a conviction; and (3) multiple punishments for the same offense. *Tucker*, 2010 WY 162, ¶ 41, 245 P.3d at 311–12; *Amrein v. State*, 836 P.2d 862, 864 (Wyo. 1992).

[¶10]  Mr. Veatch relies on the third protection by asserting the two consecutive sentences were for the same offense. However, if multiple offenses charged are "separate and distinct" due to the statutory definition of the offenses, or if they "grow out of separate transactions" and different evidence is needed to prove each offense, then double jeopardy does not attach. *Mebane*, 2014 WY 72, ¶ 9, 326 P.3d at 930 (quoting *Gesier v. State*, 920 P.2d 1243, 1244 (Wyo. 1996)). The two charges against Mr. Veatch are for violations of the same statutory offense, Wyo. Stat. Ann. § 35-7-1031(a)(i) (delivery of a controlled substance), so we must look at the statutory definition of the offense and whether the two charges arose from separate transactions.

[¶11]   This is not our first opportunity to examine double jeopardy protections where multiple violations of the same statute occurred within a short period of time.  In *Mebane*, we affirmed that two convictions for delivery of methamphetamine were separate offenses because they were two separate transactions, each occurring on different dates.  2014 WY 72, ¶¶ 7, 10–12, 326 P.3d at 929, 930.  We held that the different dates for each crime were unique elements in the charges and therefore double jeopardy did not apply.  *Id.* ¶ 10, 326 P.3d at 930.  In *Geisier*, we affirmed that a conviction on two counts of check fraud did not violate double jeopardy because each offense occurred in a different county, at different times, with different victims.  920 P.2d at 1244–45.  We held the differences in victims and venues altered the elements of each crime and therefore double jeopardy did not attach.  *Id.*

[¶12]   Mr. Veatch asks us to look at the elements of his two charges—where the events occurred on the same date, in the same county, and with the same person—and apply the same-elements test, also known as the *Blockburger* test.  We adopted the same-elements test from federal jurisprudence in *State v. Keffer*, 860 P.2d 1118, 1131 (Wyo. 1980) (adopting the same-elements test from *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 82, 76 L. Ed. 306 (1932) and its progeny).  *See also Hartley v. State*, 2020 WY 40, ¶ 8, 460 P.3d 716, 718–19 (Wyo. 2020) (applying the same-elements test to determine if a lesser-included offense instruction is available); *Sweets v. State*, 2013 WY 98, 307 P.3d 860 (Wyo. 2013) (applying the same-elements test to determine whether convictions should merge for sentencing).  The same-elements test asks whether each offense charged contains an element not contained in the other.  *Blockburger*, 284 U.S. at 304.  If the elements are the same, they are the same offense, and the double jeopardy clause therefore protects against successive prosecution and multiple punishments arising from those offenses.  *Id.*; *United States v. Dixon*, 509 U.S. 688, 696–98, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993); *see also* 5 Crim. Proc. § 17.4(b) (4th ed.) (Nov. 2022 update) (discussing the development of the same-elements test after *Blockburger*).

[¶13]   However, as we stated in *Tucker*, the same-elements test applies only in cases where charges arise from *different* statutes.  The test does not apply in cases that involve two violations of the *same* statute.  *Tucker*, 2010 WY 162, ¶ 42, 245 P.3d at 312.  When two violations arise from the same statute "we look directly to the intent of the legislature to determine the appropriate 'unit of prosecution.'"  *Id.* (citing *Amrein*, 836 P.2d at 865).  Our approach is consistent with that of other state and federal courts.  *E.g.*, *Sanabria v. United States*, 437 U.S. 54, 69–70, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978) ("[O]nce Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution,' that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice." (citations omitted)); *State v. Koch*, No. A-15-959, 2016 WL 3083135, at *5 (Neb. Ct. App. May 16, 2016) ("[T]hat test [from *Blockburger*] is applicable only if the same act or transaction violates two distinct statutory provisions.  Where, as here, a defendant's course of conduct involves one or more distinct offenses under a single statutory provision, the appropriate analysis focuses on the

allowable unit of prosecution." (citations omitted)); *State v. Rasabout*, 299 P.3d 625, 630–31 (Utah Ct. App. 2013) ("[D]istinguishing a single, continuous offense from separate, distinct offenses is primarily a question of interpreting the text of the statute defining the crime. . . . The key question in reviewing the statute is what the legislature has determined to be the 'allowable unit of prosecution.'" (citations omitted)); *Woellhaf v. People*, 105 P.3d 209, 215 (Colo. 2005) ("It is the province of the legislature to establish and define offenses by prescribing the allowable unit of prosecution. . . . [T]hat prescription determines the scope of protection offered by the Double Jeopardy Clause. Thus, whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on legislative choice." (citations omitted)).

[¶14] We have not had the opportunity to evaluate same-day drug transactions by determining what unit of prosecution the legislature prescribed for this offense. We have applied this analysis for other offenses. In *Tucker*, we determined the unit of prosecution in the aggravated vehicular homicide statute is one charge per victim because the legislature used the singular clause, "death of another person." 2010 WY 162, ¶ 46, 245 P.3d at 313. That language indicated a crime per person killed, as opposed to one crime per event if there are multiple victims. *Id.* We reached a similar result when evaluating an assault statute that used the singular term "any human being." *Vigil*, 563 P.2d at 1349–54. In two sexual assault cases we determined the language of the sexual assault statutes at the time permitted separate acts during the same encounter with the same person on the same day to be prosecuted as separate charges without violating double jeopardy. *Baum v. State*, 745 P.2d 877, 882 (Wyo. 1987); *Hamill v. State*, 602 P.2d 1212, 1216–17 (Wyo. 1979).

[¶15] We reached a different conclusion in *Amrein v. State*, which is a case Mr. Veatch asks us to consider. In *Amrein*, we found multiple charges for violating the same animal cruelty statute to be a single offense, resulting in a violation of double jeopardy protections. 836 P.2d at 865. Mr. Amrein was sentenced for nine counts of cruelty to animals for failure to provide food, water, and shelter to six horses and three cows, with each count associated with a different animal. *Id.* at 863, 865. On appeal, we concluded the nine offenses, one for each animal, were a single offense. *Id.* at 865. We reached this conclusion by looking at the statutory language. We found the animal cruelty statute ambiguous because sometimes it used the singular word, "animal," and sometimes it used the plural, "animals" when defining the offense. *Id.* In the face of ambiguity, we applied the rule of lenity and held in Mr. Amrein's favor. *Id.*

[¶16] The *Amrein* result is consistent with a presumption we articulated more recently in *Solis v. State*, 2013 WY 152, 315 P.3d 622 (Wyo. 2013). "[W]hen the question presented is the propriety of multiple convictions under one statute where the same course of conduct is involved, there is a presumption the legislature intended one conviction only." *Id.* ¶ 71, 315 P.3d at 638. The conduct in *Amrein* involved a single course of conduct that injured nine animals. 836 P.2d at 863, 865. We noted in *Solis* that the one-conviction presumption can be overcome by a showing the legislature intended otherwise, citing *Tucker* as an

4

example. *Solis*, 2013 WY 152, ¶ 71, 315 P.3d at 638 (discussing *Tucker*, 2010 WY 162, 245 P.3d 301).

[¶17] Looking to how the legislature intended to punish same-day drug transactions, we have noted Wyoming's controlled substance statute is "derived primarily from the federal statute, and we accept federal case law as persuasive authority" in determining legislative intent for our own controlled substances statute. *Hardison v. State*, 2022 WY 45, ¶ 11, 507 P.3d 36, 41 (Wyo. 2022) (quoting *Pool v. State*, 2001 WY 8, ¶ 12, 17 P.3d 1285, 1288 (Wyo. 2001)). Federal courts evaluating same-day drug transactions subject to the Uniform Controlled Substances Act look closely at statutory language and consider whether conduct was continuous or comprised of separate transactions.[1]

[¶18] 21 U.S.C. § 841(a) prohibits the distribution of controlled substances. Distribution includes "delivery" which, as in Wyoming, means "the actual, constructive, or attempted transfer of a controlled substance." *Compare* 21 U.S.C. §§ 802(8), (11) *with* Wyo. Stat. Ann. § 35-7-1002(a)(vi). Individual acts of distribution under that statute may be separately prosecuted and punished without violating double jeopardy protections if they are separate transactions. *E.g.*, *United States v. Zuleta-Molina*, 840 F.2d 157, 158–59 (1st Cir. 1988) ("The language of [21 U.S.C. § 841] unequivocally indicates that the government may prosecute each individual act of distribution." (citations omitted)); *United States v. Weatherd*, 699 F.2d 959, 962 (5th Cir. 1983) ("[T]he simple and unambiguous language of [21 U.S.C. § 841] 'clearly defines the unit of prosecution to be the act of delivering controlled substances into the hands of another' . . . [W]hen there are distinct, physical acts of transfer, each such act is a 'delivery' under the statute, even though occasioned by a single financial plan." (citations omitted)); *Borja-Guzman*, 912 P.2d at

---

[1] An early example occurred almost a century ago in a different section of *Blockburger* that looked at statutory language to evaluate whether two charges for separate sales of a controlled substance were the same offense or one continuous offense. 284 U.S. at 301–03; *Duffy v. State*, 789 P.2d 821, 829 (Wyo. 1990) (discussing *Blockburger*'s first issue of whether two sequential drug transactions must be treated as one offense); *State v. Borja-Guzman*, 912 P.2d 277, 280–81 (N.M. App. 1996) ("In addition to the issue of multiple charges in violation of multiple statutes, the *Blockburger* Court also addressed multiple violations of the same statute."). Mr. Blockburger delivered a controlled substance to the same purchaser on two consecutive days and was charged with separate offenses for each delivery. *Blockburger*, 284 U.S. at 301–02. The Court reviewed the legal distinction between offenses that are continuous in nature over some duration of time and those offenses that are individual in nature, in isolation from one another even if they occur consecutively. *Id.* at 302 (discussing *In re Snow*, 120 U.S. 274, 7 S. Ct. 556, 30 L. Ed. 658 (1887) and Wharton's Criminal Law § 34 (11th ed.)). It also looked at the statutory prohibition at issue, which prohibited "any sale" of narcotics; it determined the statute did not address the business of selling drugs which might entail a continuous course of conduct. *Id.* at 300–02 (discussing Harrison Narcotic Act, 26 U.S.C. § 692). The *Blockburger* Court concluded the Narcotics Act prohibited each sale. *Id.* at 303 (citing *Ebeling v. Morgan*, 237 U.S. 625, 35 S. Ct. 710, 59 L. Ed. 1151). Mr. Blockburger's delivery of drugs occurred in two separate transactions, with each sale consummated when it occurred, followed by a new transaction. *Id.* at 301. Prosecution for the two charges did not violate double jeopardy protections because each sale was a separate offense. *Id.* at 303–04.

281–82 (reviewing federal case law involving same-day narcotics transactions and affirming successive same-day sales could be separately prosecuted and sentenced). There are federal decisions where certain consecutive sales were held to be continuous transactions, and therefore limited to a single prosecution or single punishment. *E.g.*, *Costco v. United States*, 904 F.2d 344, 347 (6th Cir. 1990) (concluding the Fifth Amendment prohibited multiple punishments where distribution of a sample immediately followed by delivery of three kilograms of cocaine were intended to be the same continuous transaction); *United States v. Palafox*, 764 F.2d 558, 560 (9th Cir. 1985) (concluding the Fifth Amendment prohibited multiple punishments "where the defendant distributes a sample and retains the remainder for the purpose of making an immediate distribution to the same recipient at the same place and at the same time[.]"); *see also Borja-Guzman*, 912 P.2d at 281–82 (comparing factual scenarios in federal appellate decisions involving continuous transactions).

[¶19]  Wyo. Stat. Ann. § 35-7-1031(a)(i), like its federal counterpart, prohibits "delivery" of a controlled substance.  The legislature defined "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance[.]"  Wyo. Stat. Ann. § 35-7-1002(a)(vi).  "Delivery" and "transfer" are both used in the singular. Consistent with our reasoning in *Tucker*, *Vigil*, *Amrein*, and federal cases interpreting identical language in the Uniform Controlled Substances Act, these singular words indicate the unit of prosecution prescribed by the legislature is each transfer.  Therefore, each transfer by Mr. Veatch was chargeable as a separate and distinct offense under the statutory definition of the offense.

[¶20]  We also conclude after reviewing the record that each charge arose from a separate transfer.  Mr. Veatch transferred methamphetamine to the confidential agent on two occasions on the same day.  The two sales occurred at different times, for different amounts, and for a different exchange of money.  Each sale was consummated before the next sale occurred.  There is no indication in the record presented that one transaction was dependent on the other.  Mr. Veatch does not direct us to legal authority or facts in the record to suggest his two transactions were a continuous transaction, such that we should consider the two sales as a continuous offense.  We therefore conclude, as we did in *Mebane* and as the United States Supreme Court concluded in *Blockburger*, *supra* note 1, that Mr. Veatch committed two separate criminal acts in two separate transactions.  It does not violate double jeopardy protections to sentence Mr. Veatch for each separate offense.[2]

---

[2] Mr. Veatch also invites us to consider the law governing joinder of offenses by citing to *Dobbins v. State*, 483 P.2d 255 (Wyo. 1971).  Joinder of offenses for the purposes of trial requires the trial court to consider, among other things, whether prejudice will occur as a result of joinder and whether evidence for each offense would be admissible.  *Id.*, 483 P.2d at 259.  Mr. Veatch provides no authority that a joinder of offenses for trial results in a joinder of the offenses into a single offense.  We therefore decline to consider this issue further.

## CONCLUSION

[¶21]  The two charges for delivery of methamphetamine were separate offenses, arising from different transactions.  Double jeopardy protections were not violated by the entry of consecutive sentences for the two offenses.  We affirm.