# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 107

**OCTOBER TERM, A.D. 2024**

**October 15, 2024**

HUNTER MICHAEL PETERSON,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-24-0078, S-24-0110

*Appeal from the District Court of Johnson County*
*The Honorable Benjamin S. Kirven, Judge*

*Representing Appellant:*
> Brandon Todd Booth, State Public Defender*; Kirk Allan Morgan, Chief Appellate Counsel; Sean Hays Barrett, Senior Assistant Appellate Counsel. Argument by Sean Hays Barrett.

*Representing Appellee:*
> Bridget L. Hill, Attorney General; Jenny Lynn Craig, Deputy Attorney General; Kristen Reeves Jones, Senior Assistant Attorney General. Argument by Kristen Reeves Jones.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

* An Order Substituting Brandon Todd Booth was entered on October 10, 2024.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Hunter Michael Peterson challenges the district court's order revoking his probation, asserting the court violated his right against double jeopardy because he previously received a jail sanction for the same violation the court relied on to revoke his probation.  We affirm.

## *ISSUE*

[¶2]    One dispositive issue remains following oral argument:[1]

> Whether the district court violated the Fifth Amendment's double jeopardy clause when it revoked Mr. Peterson's supervised probation.

## *FACTS*

[¶3]    In 2021, Mr. Peterson pleaded guilty to delivery of methamphetamine.  The district court sentenced him to four to six years of incarceration, suspended in favor of five years of supervised probation.  The court imposed several probation conditions, including a requirement that Mr. Peterson "not use, consume, possess, or be under the influence of alcohol[.]"

[¶4]    On January 4, 2024, Mr. Peterson was involved in a car accident and sustained significant injuries.  He reported to his supervising probation officer the next day and admitted to consuming alcohol.  For violating his probation conditions, the probation officer determined Mr. Peterson would receive a three-day jail sanction.  Law enforcement subsequently took Mr. Peterson into custody and transported him to the detention center.  During the booking process, the detention center's medical staff observed that Mr. Peterson sustained injuries in the car accident.  As a result, Mr. Peterson was released from custody and law enforcement transported him to a hospital for treatment.  For reasons unclear in the record, Mr. Peterson never served the three-day jail sanction.

[¶5]    On January 17, the State filed a petition to revoke Mr. Peterson's probation, alleging Mr. Peterson admitted to consuming alcohol in violation of the terms and conditions of his probation.  After Mr. Peterson was arrested pursuant to a bench warrant, the district court held an initial hearing and Mr. Peterson admitted the violation.  The court then revoked his probation and reinstated his underlying sentence with credit for time served.  Mr. Peterson timely appealed.

---

[1] During oral arguments, Mr. Peterson conceded his second issue on appeal challenging the district court's order denying his post-appeal motion to withdraw admission.  Because this issue is the basis for Mr. Peterson's appeal in S-24-0110, we affirm the district court's order.

*DISCUSSION*

[¶6]    The Fifth Amendment to the United States Constitution prohibits multiple prosecutions and punishments for the same offense. *Veatch v. State*, 2023 WY 79, ¶ 9, 533 P.3d 505, 508 (Wyo. 2023) (citations omitted); U.S. Const. amend. V (". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."). The double jeopardy clause thus protects against "(1) second prosecutions for the same offense after an acquittal; (2) second prosecutions for the same offense after a conviction; and (3) multiple punishments for the same offense." *Veatch*, 2023 WY 79, ¶ 9, 533 P.3d at 508 (citations omitted).

[¶7]    Mr. Peterson contends the district court violated his right against double jeopardy because he received multiple punishments—the jail sanction and probation revocation— for the same probation violation. We conclude his reliance on the double jeopardy clause is misplaced.[2] *See Counts v. State*, 2008 WY 156, ¶ 13, 197 P.3d 1280, 1284 (Wyo. 2008) (quoting *Sinning v. State*, 2007 WY 193, ¶ 24, 172 P.3d 388, 393 (Wyo. 2007)).

[¶8]    Various federal courts have determined a probation revocation is attributable to the original conviction and is not a new punishment. *See, e.g.*, *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002); *United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997); *see also United States v. Kerrick*, 2024 WL 1878758, at *3 (D.C. Cir. 2024) (citations omitted); *United States v. Soto-Olivas*, 44 F.3d 788, 789–90 (9th Cir. 1995) ("[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation[.]"). Therefore, at sentencing for the original conviction, the probationer "has at least constructive knowledge that a term of imprisonment is a potential consequence for violating a condition of supervised release, and he has no legitimate expectation of finality in a sentence subject to a term of supervised release." *Kerrick*, 2024 WL 1878758, at *3 (quoting *United States v. Fogel*, 829 F.2d 77, 87 (D.C. Cir. 1987)). In other words, a probation revocation is better characterized as a "purely administrative action" to determine whether a probationer has violated the conditions of his probation and, if so, how the original underlying sentence should be modified. *State v. Haagenson*, 232 P.3d 367, 372 (Mont. 2010) (citing *Woods*, 127 F.3d at 992); *State v. Vaden*, 526 P.3d 620, 627 n.12 (Hawaii 2023) (citing *Ralston v. Robinson*, 454 U.S. 201, 220 n.14, 102 S. Ct. 233, 70 L. Ed. 2d 345 (1981) and *United States v.*

---

[2] Mr. Peterson's reliance on *Umbach v. State*, 2002 WY 42, 42 P.3d 1006 (Wyo. 2002) is also misplaced. In *Umbach*, the appellant was placed in an Intensive Supervision Program (ISP) and received several sanctions under the program. *Id.* at ¶ 6, 42 P.3d at 1007. On the State's petition, the district court revoked the appellant's probation based on the same violations that led to the sanctions. *Id.* at ¶ 7, 42 P.3d at 1008. This Court determined the appellant's probation revocation violated Wyo. Stat. Ann. § 7-13-1107 because the statute permitted the State to seek either a sanction or revocation, but not both, when a probationer is an ISP participant. *Id.* at ¶¶ 11–13, 42 P.3d at 1008–09. Mr. Peterson was not an ISP participant, and he does not cite an analogous statutory limitation that would apply here.

*DiFrancesco*, 449 U.S. 117, 137, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980)). A revocation proceeding is "not a proceeding designed to punish a criminal defendant for violation of a criminal law." *Haagenson*, 232 P.3d at 367 (citing *Woods*, 127 F.3d at 992).

[¶9]    Several state courts have similarly held that a probation revocation does not constitute punishment that implicates double jeopardy. *See, e.g.*, *Green v. Commonwealth*, 779 S.E.2d 207, 212 (Va. Ct. App. 2015) ("A revocation of a suspended sentence does not involve multiple punishments for the same offense but rather the single punishment already imposed for the offense[.]"); *Vaden*, 526 P.3d at 627 n.12 (citations omitted); *State v. Maynard*, 233 P.3d 331, 341 (Mont. 2010) ("[A] revocation of parole or probation does not constitute a punishment for double jeopardy purposes . . . . Rather, it is a supervisory act involving the enforcement of conditions imposed on a term of parole or probation." (citation omitted)).

[¶10] We have not directly addressed whether a probation revocation constitutes a punishment for purposes of double jeopardy. However, consistent with the above cited authorities, we have acknowledged:

> A probation revocation hearing is not a trial on a new criminal charge. **It is simply an extension of the sentencing procedure** resulting from the conviction of the basic charge, coupled with the requirement that the probationer be afforded due process of law before being deprived of the conditional right to liberty granted by probation.

*Counts*, 2008 WY 156, ¶ 13, 197 P.3d at 1284 (citation omitted) (emphasis added); *see also Robinson v. State*, 2016 WY 90, ¶ 34, 378 P.3d 599, 608–09 (Wyo. 2016) (noting probation revocations are not criminal prosecutions and do "not give rise to the full panoply of rights available under the Sixth Amendment[.]" (citation omitted)). It is no stretch then for us to adopt the reasoning of prevailing federal and state court precedent and conclude that a revocation is not a punishment that implicates double jeopardy.[3] *See also DiFrancesco*, 449 U.S. at 137 ("[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment."). Mr. Peterson therefore was not subject to multiple punishments for the same probation violation.

[¶11] Affirmed.

---

[3] Because revocation is not punishment, we need not consider whether Mr. Peterson's probation sanction amounted to punishment under the Fifth Amendment.